GEORGE PIERCE, Appellee,

*against*

JEDEDIAH CLARK, Appellant.

In action upon promissory note, the defendant having paid, in discharge of the note, sundry articles of merchandise, the common subject of charges on book, is not obliged to file his book account, under the 93d section of the judiciary act, but may shew such payment under the general issue.

PLAINTIFF declared upon a promissory note. General issue joined, and put to the Jury.

Defendant offered to shew in evidence certain articles of merchandise paid in discharge of the note.

*Israel Smith*, counsel for the plaintiff, objected; who read section 93. of the Judiciary act, " That if any action shall be pending in either of the Courts aforesaid, *Supreme or County Courts*, and the defendant or defendants shall have any just demand on book against the plaintiff or plaintiffs, which cannot be plead as an offset as aforesaid; it shall be lawful for such defendant or defendants, on or before the third day of the first term of the Court, in which, by law, he, she, or they, is or are required to appear to file in the same Court in which such action shall be pending as aforesaid, a declaration setting forth the nature of such demand, according to due form of law; which declaration so filed shall be sufficient notice to the adverse party to appear and answer thereto; and the Court, in every such case, shall proceed to the trial on such declaration, previous to the trial of the original action; and if the defendant shall recover on such declaration, the sum so recovered shall be plead as an offset against the original plaintiff's demand, as is above provided." And then insisted, that defendant should have filed his book account according to the

*Vermont* Stat. vol. 1. p. 92.

statute provision; in which case auditors would have been appointed, and his client would have had the benefit of examining the defendant under oath relative to the correctness of his charges on book, of which he may now be deprived.

Pierce

v.

Clark.

_Vermont_ Stat.
vol. 1. p. 236,
237.

*Sed per Curiam.* The statute provision does not abolish the common law privilege. The defendant may shew under this issue any thing which goes to the discharge of the note. Payment is always good shewing.

————— —————, for plaintiff.
*Israel Smith,* for defendant.