THOMAS HERRING, defendant below, *vs.* DAVID SELDING, plaintiff below.—*IN ERROR.*

(*Ante.* vol. 1, page 101.)

The publick statutes of another state must be pleaded in the courts of this state, in the same manner as a private statute of this state is pleaded.

The statute allowing *notice* of special matters under the general issue, [Stat. 88, ch. 7, No. 1, § 98.] dispenses with the *form* only, and not the substance of special pleadings.

A discharge obtained under the insolvent law of the state of New-York, passed April 12, 1813, is no bar to a suit in this state brought upon a note executed in the state of New-York, between citizens of that state, subsequent to the passing of the act, and prior to the obtaining of such discharge.

Where a writ of error does not operate as a supercedeas, on affirmance of the judgment below, execution issues from the supreme court, not for the debt, but for the costs on the writ of error only:

THE action below was *assumpsit* in favour of the present defendant in error, and *Silas Richards,* since deceased, surviving partners of *Andrew Ogden,* on several promissory notes executed by the plaintiff in error, to the said firm, by the name of *Andrew Ogden & Company.*

Plea, the general issue, with a *notice* of special matters to be given in evidence, on trial under said issue, which was as follows:

"And the defendant, agreeable to the statute in such case made and provided, gives notice that he shall rely upon, and give in evidence under the above issue, the following special matters, *to wit:* that at the several times herein after mentioned, the said *Silas* and *David* and the said *Thomas* were citizens of the state of New-York, residing in said state, *to wit,* at the City of New-York—that the legislature of the state of New-York, on

the 12th day of April, 1813, passed an act, entitled *"An Act for* *giving relief in case of insolvency."* That after the said 12th day of April, 1813, the said *Thomas Herring* became insolvent, within the true intent and meaning of the act aforesaid, and was actually imprisoned for more than sixty days next before the 27th day of January, 1817, upon execution in a civil action : that one *Benjamin Birdsell*, of the same City of *New-York*, a creditor of the said *Thomas Herring*, did, on the 27th day of January, 1817, present his petition to *Richard Riker*, recorder of the City of New-York, for relief, and did then and there make affidavit that he was a creditor of the said *Thomas*, and that the said *Thomas* was jointly indebted to him the said *Benjamin*, in a certain sum therein named, and not less than twenty-five dollars; and that the said *Thomas* was then in prison on execution issued against him in a civil action, and had been so imprisoned for sixty days and upwards : whereupon the said *Richard Riker*, recorder of the City of *New-York*, issued his notification in pursuance of the act aforesaid to the creditors of the said *Thomas Herring*, to show cause before him, why an assignment should not be made of the estate of the said *Thomas*, and the said Thomas thereupon be discharged, agreeably to the provisions of the act aforesaid ; that in pursuance thereof, such proceedings were had thereon, that the said *Thomas* did assign all his estate to one *Joseph D. Fay*, of the said City of New-York, for the benefit of the several creditors of the said *Thomas Herring*, and that the said *Richard Riker*, recorder as aforesaid, being satisfied that so many of the creditors of the said *Thomas Herring* as had debts owing to them to the amount of two-thirds, in value, of all the debts owing by the said *Thomas*, had requested said assignment to be made, did, on the 5th day of April, 1817, at the City of New-York, make a certain discharge in the words and figures following, *to wit* :—

"To all to whom these presents shall come, or may in any wise "come—I, Richard Riker, recorder of the City of New-York, "send                                    GREETING.

"*Whereas, Thomas Herring*, of the said City, an insolvent debt-"or, on the 17th day of January last past, was, and who had "been actually imprisoned for sixty days and upwards in a civil "action ; and application was made to me by *Benjamin Birdsell*, "a creditor of the said insolvent, for relief, he being apprehen-"sive that the estate or effects of the said insolvent would be "wasted or embezzled, and upon such application, the said cred-"itor did make affidavit according to law, that the said insolv-"ent was fairly indebted to him in a certain sum of money then "due and specified in said affidavit, and not less than $25,00, "and that the said insolvent, was then in prison on execution "against him in some civil action, and had been so imprisoned for "sixty days and upwards ; and the said Richard Riker did there-"upon order a publication to be made, as directed by law, for "all the creditors of the said insolvent to show cause, if any they

*Chittenden,* December, 1826.

Herring *vs.* Selding.

" had, before me, at my office in the City Hall of the said City,
" on the 4th day of April then next, at ten o'clock in the fore-
" noon, why an assignment of the said insolvent's estate should
" not be made for the benefit of all his creditors, according to
" the directions of an act of the legislature of the state of New-
" York, entitled, *an act for giving relief in cases of insolvency*, pass-
" ed the 12th day of April, 1813, which said notice having been
" duly published, and I the said recorder, on the 4th day of April,
" being satisfied that so many of the creditors of the said insolv-
" ent, as had debts owing to them to the amount of two-thirds
" in value of all the debts owing by the said insolvent, requested
" such assignment to be made of the estate of the insolvent for
" the benefit of all his creditors, and no sufficient cause to the
" contrary appears—I did therefore direct such assignment to
" be made, according to the directions of said act, to *Joseph D.*
" *Fay*, assignee nominated by the said creditors, and the said in-
" solvent having produced to me a certificate under the hand
" and seal of the said assignee, executed in the presence of two
" witnesses, on the 5th day of April, that the said insolvent had
" granted, conveyed, assigned and delivered for the use of all
" his creditors, all his estate, real and personal, both in law and
" equity, possession, remainder or reversion, the wearing appar-
" el and bedding of the said insolvent and family excepted, and
" all the books, vouchers and securities relating to the same ;
" and the said insolvent having conformed in all things, as by
" the said act directed, in order to entitle him to a discharge from
" all his debts:—*Now, therefore*, Know ye, that I, *Richard Ri-*
" *ker*, recorder of the City of New-York, by virtue of power and
" authority in me vested, do hereby discharge the said insolvent
" from all debts due at the time of the said assignment, or con-
" tracted for before that time, though payable afterwards, and
" also, if imprisoned, from his imprisonment. Given under my
" hand and seal at the City Hall of the City of New-York, the
" 5th day of April, in the year of our Lord, 1817.
         R. RIKER. [L. S.]"
and that the several causes of action in the plaintiff's declara-
tion mentioned, if any ever did accrue, accrued before the said
*Thomas Herring* became an insolvent debtor as aforesaid, and
before the making of the discharge aforesaid by the said *Rich-
ard Riker*, recorder as aforesaid, and that the said *Thomas Her-
ring*, in the said discharge mentioned, and the said *Thomas Her-
ring*, defendant in this said suit, are one and the same person,
and not other, or different ; and will also give in evidence, the
aforesaid act of the legislature of the state of New York.
        By *Foote* and *Adams*."

 On the trial below, the plaintiffs having proved the execution
of the notes declared upon, the defendant offered evidence to
prove the several matters contained in his special notice. To
this the plaintiffs objected, on the ground that the said statute of
the state of New-York was in violation of the *tenth* section of

*Chittenden,*
*December,*
*1826.*

*Herring*
*vs.*
*Selding.*

the *first* article of the constitution of the United States, and that the said act and discharge of the defendant under it, were therefore void. The county court sustained the objection, and rejected the testimony; whereupon the jury returned a verdict for the plaintiffs, and the court rendered judgment thereon.

It was to reverse this judgment, that the present writ of error was brought.

*Foote & Adams,* for the plaintiff in error.—The error assigned is, that the county court, on trial of the cause, *Selding* vs. *Herring,* rejected the discharge of *Herring,* regularly obtained under the insolvent law of the state of New-York, passed April 12th, 1813, offered in evidence under a notice for that purpose.

By the 8th section of the 1st article of the constitution of the United States, authority is given to Congress "to establish uniform laws on the subject of bankruptcies throughout the United States. But this authority, until exercised, does not take away the right of the state legislatures to pass insolvent laws, or even bankrupt laws. [4 *Wheat.* 195. *Sturges* vs. *Crowningshield.*] This construction of the U. S. Constitution has been recognized by the legislatures and courts of most of the states, for more than thirty years, and sanctioned by congress.—*See Bankrupt Law of* 1800, *sec.* 61.—*Grafton's Dig. p.* 36.

The insolvent law of the state of New-York, passed April 12, 1813, does not, in this case, impair the obligation of contracts within the meaning of the 10th section of the 1st article of the United States' constitution.—The contracts in question were entered into subsequent to the passage of the New-York insolvent law, by citizens of that state, and the contracts must be supposed to be made in reference to the existing law, and subject to its provisions.

No case similar to the present has been decided.

In the case of *Sturgis* vs. *Crowningshield,* 4 *Wheat.* 122, the insolvent law under which the discharge was granted, was passed subsequent to the making of the contract, and the parties were not citizens of the same state. The court, in giving their opinion in this case, expressly confined it to the case under consideration.—4 *Wheat.* 207.

The supreme court of the state of New-York, in the case of *Marther* vs. *Bush,* 16 *Johns.* 233, decided that the case of Sturgis vs. Crowningshield did not apply to a case where the contract affected by the discharge, was made subsequent to the passage of the law under which the discharge was granted, and by citizens of the same state where the contract was made.

In the case of *McMillin* vs. *McNeil,* 4 *Wheat.* 209, the contract was made in *South Carolina,* where the parties resided at the time of entering into it, and the discharge of *McMillin* was granted under the insolvent law of *Louisiana,* the contract not having been made under the law or in reference to it.

In the case of the *Farmer's & Mechanic's Bank* vs. *Smith,* 6 *Wheat.* 131, the law under which the discharge was granted was

*Herring*
*vs.*
*Selding.*

passed subsequent to the making of the contract. So in the case of *Post* vs. *Riley*, 18 *Johns.* 54.

*Thompson & Van Ness*, for the defendant in error, contended,

1. That the evidence offered by the defendant below, now plaintiff in error, was properly rejected by the court.

The notice accompanying the plea in the court below, was not sufficiently particular. A notice must contain all the substance of a special plea, and state the special matters with the same precision. The statute authorising the notice, dispenses with the *form*, but not the *substance* of a special plea—*Stat.* 88, § 98.—*Barney* vs. *Cady*, 1 *D. Chip. Rep.* 304.—*Bowdish* vs. *Peckham*, *ib.* 144.

The notice did not set forth the statute of New-York, or any of its provisions. When a party relies upon any proceedings under a statute of another state, he must set it forth, that the court may see whether the proceedings were authorised by such statute. The general allegation, that the proceedings *were pursuant to the statute in such case made and provided*, is not sufficient. —*Walker* vs. *Maxwell*, 1 *Mass. Rep.* 104.

2. The discharge under the insolvent law of New-York was no bar to the recovery of the plaintiff below; such law, so far as it discharges the property of the debtor, being unconstitutional and void.—*Sturges* vs. *Crowningshield*, 4 *Wheat. Rep.* 122.—*Post* vs. *Riley*, 18 *Johns. Rep.* 54.

And it makes no difference, whether the notes were executed prior, or subsequent to the passage of the law.—*McMillin* vs. *McNeil*, 4 *Wheat. Rep.* 209.

Nor does it make any difference that the discharge was under the law of the state where the contract was made, and of which the plaintiff and defendant were both citizens at the time of making the contract, and of the discharge.—*Farmer's & Mechanicks' Bank* vs. *Smith*, 6 *Wheat. Rep.* 131.

HUTCHINSON, J. after stating the case, delivered the following opinion of the Court.

The Court might content themselves, in this case, by only saying, that the special notice is totally defective, in not setting forth particularly the statute of New-York, under which it is said the discharge of *Herring* was procured. The original plaintiffs were entitled to as substantial information of the provisions of that statute, when it comes in the form of a *notice*, as when in the form of a special plea. The publick statutes of another state are treated here, as private statutes, as to the necessity of pleading the same; and, according to the cases cited, and a long and uniform practice, the statute allowing notice, only dispenses with the form, not the substance, of special pleadings. By the notice in the present case, the creditor can derive no knowledge of the provisions of the statute relied upon, unless by presuming that the proceedings set forth were conformable to the act; whereas, he was entitled to such exhibition as would enable

him to judge whether to object to the proceedings, as not warranted by the statute itself.

*Chittenden,*
December,
1826.

Hearing
*vs.*
Selding.

But the question the plaintiff in error wishes to try, and upon which the opinion of the Court will be concisely stated, is, whether such a statute as the proceedings named in the notice suppose, and a discharge regularly procured, under such statute, of the dates pointed out in the notice, form any bar to the action brought upon the notes.

Decided cases, of too high authority to be resisted by this Court, have marked a plain path upon this question. Our decision in this case might be revised by a writ of error in the supreme court of the United States. Of course, the decision of that court, if in point, should be considered of paramount authority, and govern our decision.

The cases cited from the *fourth* of *Wheaton*, show fully the opinion of that Court, that a law of a state, making provision that a debtor may be discharged from his contract without payment, impairs the obligation of such contract, and is unconstitutional and void. And in the case of *McMillen* vs. *McNeil*, on page 212, of the 4th of *Wheaton*, Chief Justice *Marshal* says, "that the circumstance of the state law, under which the debt was attempted to be discharged, having been passed before the debt was contracted, made no difference in the application of the principle."

In the 6th of *Wheaton*, 131, *The Bank* vs. *Smith*, the same chief justice said, that both parties living in the same state when the contract was made, and continuing to live there till the suit was brought in its own courts, made no difference.

Those decisions have been followed in this Court, in a case in all respects like the present, which should appear in the second volume of *Chipman's* Reports.(a) There are two or three cases in the third volume of Connecticut Reports, that are full in point; and one of them, *Hammett et al.* vs. *Anderson et al.* 304th page, presents the present defence exactly, with this addition, that the plaintiffs were petitioning creditors to procure the discharge. The court decided, that even that made no difference; for they must have proceeded upon the presumption that the law was of binding force. They could not have intended to have their own debts barred, and those of other creditors not barred.

(a) Wm. Nelson *vs.* Rich'd G. Imerson, decided in Orleans co. Sept T. 1824.

The case cited from the 13th of *Mass. Rep.* page 1st, contains a laboured opinion which is in favour of the validity of such a discharge. But this decision was several years before the case of *Sturges* vs. *Crowningshield*, and must be considered as overruled by that case.

The case cited from the 16th of *Johnson's Reports*, admits the authority of the cases in the *fourth* of *Wheaton*, as applicable to contracts made before the insolvent law passed, but denies their force, with regard to contracts made in that state while the law existed. This would seem as if the statute must, or might, derive its force from the contract of the parties: whereas, if it has

3

*Herring*
*vs,*
*Selding.*

any force, it must result from the power of the legislature to make such a law, and their having exercised that power. If they had no such power, then is their act void. If void, by reason of its impairing the obligation of contracts, it is void in its effect upon all such contracts as may be impaired by it, if it have its designed effect. If this statute has provided a way in which the citizens of the state of *New-York* can be discharged from the contracts by them made, while the statute exists, without payment of the same, it impairs the obligation of those contracts, and is, therefore, void.

The case of *Post* vs. *Riley*, 18th of *Johnson's Reports*, 54, was decided after the cases in the *fourth* of *Wheaton*, and fully admits their authority. But, had Riley pleaded properly, the court would have treated his discharge good, so far as to free his body from arrest, and no farther.

> The Court consider, that the defence presented in the special notice cannot prevail. That there is no error in the judgment of the county court, and that the same be affirmed, with costs.

NOTE.—Where a judgment of the county court is affirmed on error, execution does not issue from *this* court for the *debt*, except where the execution below has been superceded. The writ of error in this case not operating as a supercedeas, the Court directed execution to be issued for the costs of this writ of error only.

*Alvin Foote* and *Chs. Adams*, for the plaintiff in error.

*J. C. Thompson* and *C. P. Van Ness*, for the def't in error.