CHITTENDEN, SEBRA W. BRTITON *v.* BISHOP & EVERTS, BENJ. BISHOP &
January,                 NATHANIEL BLOOD.
1839.

Since the repeal of that provision in our statute, allowing the maker of a promissory note to insist upon all equitable defences to such note, even in the hands of a *bona fide* indorsee, no such defences are available, unless the note was negotiated after it fell due.

If a note fall due the first day of September, and the defendant plead a matter which would avail him against a *bona fide* indorsee, if the note were negotiated when overdue, the allegation that the matter relied upon in defence arose on the 29th day of August, and that at that time the payee was the owner of the note, and continued to be for a long time thereafter, to wit, for the space of twenty days, is not equivalent to the allegation that the note was negotiated when overdue.

The plea, without such allegation in direct terms, and not by any way of inference, is bad.

But if a note be negotiated when overdue, the holder is liable to all defences inherent in the note, or arising out of any agreement in relation to the note with the payee, *either expressed or implied.*

In assumpsit, *part* payment may always be taken advantage of by the defendant without plea, or after default even ; and although it may be pleaded specially, there does not seem to be any good reason for such a course, but the contrary.

ASSUMPSIT upon defendants' joint and *several* promissory note, dated January 20th 1837, for $1772,58, payable on the first day of September, then next, with interest, to Smith Ballou, or order, and by him indorsed to the plaintiff.

The defendants pleaded, 1. the general issue, and 2. payment. The plaintiff joined in the general issue, and traversed the plea of payment. The defendants further pleaded, in bar to part of the note in suit, an agreement of Ballou, the payee of said note, to apply thereon the amount of a note made by said Ballou to Buskirk & Proudfit, payable to them or order, and by them indorsed to defendants, on the 29th of August 1837, and averred "that the said Ballou was, on "the said 29th day of August 1837, and for a long space of "time thereafter, to wit, twenty days, the holder and owner "of the said note in the plaintiff's declaration mentioned."

There was a fourth plea, alleging the note of Ballou to Buskirk and Proudfit to have been indorsed to Bishop & Everts, two of the defendants, who were alleged to be principals in the note in suit, (the defendants, Benjamin Bishop and Blood, being described as mere sureties,) and setting up Ballou's agreement to apply the amount of the said note to Buskirk & Proudfit, on the defendants' note, as having been made with said Bishop and Everts. To the third and fourth pleas

the plaintiff demurred. The county court adjudged said pleas sufficient, and the plaintiff excepted.

CHITTENDEN, *January*, 1839.

Britton *v.* Bishop, *et al.*

*C. Adams*, for plaintiff.

1. The defence set up in the third and fourth pleas in bar is taken away by the act of 1836, repealing that provision in a former statute allowing a maker of a promissory note, sued in the name of an indorsee, to set up any defence existing before notice of the indorsement, which he might have made if such note had been sued in the name of the payee.

2. There is no allegation in the pleas, that the note in suit was overdue when negotiated to plaintiff. The averment that Ballou was, on the 29th August 1837, and for a long time thereafter, to wit, 20 days, the holder and owner of said note, does not amount to such allegation.

*Maeck & Smalley*, for defendants.

That the defence would have been good if the note had been sued in Ballou's name, either under the general issue, on the ground that it amounted to payment, or as a payment if pleaded specially, or by way of offset, needs no support from authority.

The plaintiff, suing as assignee of Ballou, can have no greater right to recover than Ballou, because he took the note when it was overdue, and having so taken it, he took it upon the credit of the indorser only. The rule is thus laid down by Bayley: "*A person, who takes a bill after it is due, takes it subject to all the objections and equities to which it was liable in the hands of the person from whom he took it.*" Bayley on Bills, 2 Am. Ed. 133. *Taylor* v. *Mathew*, note to page 83, 3d of Term R. *Brown* v. *Davies*, 3d Term Rep. 80. *Boehm* v. *Sterling*, 7 T. R. 425. *Banks* v. *Colwell*, cited in the note to page 134, the same edition of Bayley on Bills, Buller, Justice, said it had been repeatedly ruled at Guildhall, " that if a bill or note was indorsed over " after it was due, the indorsee took it on the credit of the " indorser, and stood in his situation." *Brown* v. *Turner*, 7 T. R. 630. *Gold* v. *Eddy*, 1 Mass. R. 1. *Hemmenway* v. *Stone*, 7 do. 58. *Peabody* v. *Peters et al.* 5 Pick. R. 1. *Sargeant* v. *Southgate* 5 do. 312. *Tinson* v. *Francis* 1 Camp. R. 19. *Holland* v. *Makepeace*, 8 Mass. R. 418.— *Clark* v. *Leach*, 10 do. 52.

REDFIELD J.—The only question, presented for the consideration of this court, arises upon the third and fourth pleas of the defendant. These pleas are substantially the same, and amount to nothing more than an alleged agreement on the part of Ballou, the original payee of the note in suit, to apply a lesser note, given by him to the firm of Buskirk & Proudfit, and by them indorsed to the defendants, upon the note now sued. It is alleged, that this agreement was made on the 29th of August 1837, and that, at that time, and for a long time thereafter, to wit, twenty days, Ballou was the owner of the note now sued in the name of plaintiff. The latter note fell due on the first day of September 1837, and the above allegation is by no means equivalent to an allegation that Ballou negotiated the note to the plaintiff, when the same was overdue. For the allegation, by way of a *continuando*, being under the *videlicet*, is immaterial, and the whole allegation is satisfied by proof that the payee of the note retained it till the 29th day of August. It is to be taken, then, that the note was negotiated while it was still current, and the signers cannot, as against this plaintiff, avail themselves of the defence attempted, without showing notice of such agreement brought home to the plaintiff at the time of receiving the note. The pleas in controversy contain no such allegation, and are therefore bad.

But as the counsel seem to understand the fact in the case to be, that the note was negotiated to the plaintiff when overdue, and desire a decision upon the merits of the question thus presented, the court have passed upon it.

There can be no doubt that, at common law, the holder of a negotiable bill or note, who receives it from the payee after it falls due, takes it, subject to all defences which attach to the note or bill in the hands of the indorser.

It was first doubted whether a bill or note, overdue, could be so negotiated as to enable the indorsee to sue it in his own name. But, upon the opinion of merchants, the court of king's bench decided such action would lie. *Mitford* v. *Wallicot*, 1 Salkeld 129. But in *Brown* v. *Davies*, 3 Term R. 80, and *Tayler* v. *Mather*, Id. 83, it is expressly decided, that the indorsee, in such case, takes the bill or note subject to all defences. In the former case, some stress is laid upon the fact, that the bill had been noted for non-payment, but in

the latter case that was considered of no importance. This is the well settled doctrine of the common law. In the case of *Sargeant* v. *Southgate*, 5 Pick. 312, it was holden, that the maker of a note or bill, negotiated when overdue, and sued in the name of the indorsee, might in his defence plead any matter in offset, which he could have pleaded if the suit had been in the name of the payee. This was allowed by an equitable construction of the Mass. statute of offsets. No English decision has gone that length. The case of *Burrough* v. *Moss*, decided in the king's bench, 1830, reported in 10 Barn. & Cres. 558, and in 21 C. L. R. 128, puts this question upon the true ground. The court there held that the indorsee of an overdue promissory note is liable to all equities *arising out of the note transaction itself*, and to the application of demands due the maker from the payee, when there was an agreement, either expressed or implied, to that effect. That rule would clearly enable the defendants in the present case to avail themselves of the note mentioned in the third and fourth pleas, for the purpose of reducing damages, even after judgment or default.

There does not seem to be any necessity for pleading the matter of this note. It is, at most, *part* payment. And under the recent Eng. rules of pleading, stat. of 5 Will. 4, where *payment* is in all cases required to be pleaded specially, *part* payment is not required to be so pleaded. *Lediard* v. *Boucher*, 32 C. L. R. 413. *Shirley* v. *Jacobs*, Ib. 414. And by the old cases it would seem that each plea must contain an entire answer to the whole declaration. But if the plea begin and end, as only in bar of part of the action, I am not prepared to say, that by recent decisions such plea is bad on demurrer. By the old rule, each separate plea must contain a full answer to the entire declaration or count. In assumpsit, the defendant might deny a part, plead a tender to part, and payment of part. 1 Saunders' R. 28, and notes, *Earl of Manchester* v. *Vale*. *Birks* v. *Trippet*, Ib. 33 and notes. *Osborne* v. *Rogers*, Ib. 267 and note (1). But as the rule is now understood, it only requires that the defendant's plea shall be an answer to all that portion of the plaintiff's declaration which it assumes to answer. 1 Chit. Pl. 511. See also *Sterling* v. *Sherwood*, 20 Johns.R. 206. *Ed-*

CHITTENDEN,
January,
1839.

Britton
v.
Bishop, *et al.*

wards v. *White,* 12 Conn. R. 28.    *Clarkson* v. *Lawson,* 19 C. L. 169.    If the defendant plead only to part of the plaintiff's declaration, or to part of one count, the plaintiff, it is said, should take judgment, as by *nil dicit,* for that portion not answered. See cases cited in note (3) to the case of *Earl of Manchester* v. *Vale.* But those cases are none of them, as far as I can find, where *part* payment is pleaded in bar. And if, by the general rule of pleading, such plea be allowable, it seems wholly unnecessary, and not deserving of encouragement, when the defendant is allowed to plead more than one plea in bar. The plea being defective, the judgment of the county court is reversed, and the case remanded for new trial.