Walbridge *v.* Kibbee.

--»»e◉◐•‹‹»--

HENRY WALBRIDGE *v.* JOSIAH KIBBEE.

Where a deposition is not attached to its wrapper, and the filing of the clerk was indorsed upon the wrapper, which is lost, the question of the identity of the deposition is one of fact, to be determined by the county court, and their determination is final.

An initial letter is not to be regarded as any part of a man's name, in the caption of a deposition, if one name is given in full.

The maker of a promissory note, when sued by an indorsee, cannot plead an offset, even though the note were indorsed overdue; but he is entitled, under the general issue to make any defence, which grew out of the note transaction, or out of any agreement between himself and the payee in relation to it.

ASSUMPSIT upon a promissory note for $100, dated November 9, 1837, and made payable to one Abbott, or order, in April, 1841. It appeared from the testimony of Abbott, that he sold the note to one Joseph A. Wing, sometime in the autumn of 1845, and indorsed it in blank.

The defendant offered the deposition of Jared H. Kibbee,—which was objected to by the plaintiff, for the reason that the plaintiff's name is certified, in the caption, to be Henry F. Walbridge, and also for the reason, that the deposition was not attached to the wrapper, nor in any way marked by the clerk, so as to identify it as being the deposition originally filed. The clerk, being sworn, testified, that he had no doubt it was the same deposition, but that he

had no mark, by which he could positively so swear;—and the court, being satisfied that it was the same deposition, overruled the objection. The defendant also gave evidence tending to prove, that, while Abbott was the owner of the note, he had a settlement of accounts with Abbott, in which there was found due to the defendant a sum sufficient to extinguish the balance now claimed to be due upon the note, which sum Abbott agreed to apply upon the note, as soon as he should return to his own home, where the note then was; and that the defendant, when called upon for payment by Wing, on behalf of Abbott, previous to the sale of the note, paid what was actually due, and informed Wing, that it was agreed, that the balance of the account should apply in payment of the balance of the note.

The plaintiff then introduced evidence tending to prove, that in the spring or summer of 1845, the defendant was in the office of Wing, who then held the note for collection, as attorney for Abbott, and paid to Wing about thirty dollars, to apply upon the note, and told him that he would send the balance in a short time.

The plaintiff requested the court to charge the jury, that if the defendant promised to pay Wing, in the manner the testimony tended to prove, the plaintiff was entitled to recover. But the court instructed the jury, that, as Wing purchased the note after it became due, he could not recover, if it had been paid before he purchased it; and that, even if the defendant told Wing, while the note was in his hands as attorney for Abbott, that he should pay the balance in a short time, but afterwards determined to await a suit upon it, and Wing afterwards purchased the note, even though he did rely somewhat upon what the defendant had told him, it would not oblige the defendant to pay the note to Wing, if he had previously paid it to Abbott, unless the defendant, at the time he made those declarations to Wing, had knowledge, that Wing intended to purchase the note.

Verdict for defendant. Exceptions by plaintiff.

*J. A. Wing* for plaintiff.

*C. W. Prentiss* for defendant.

Walbridge *v.* Kibbee.

The opinion of the court was delivered by

REDFIELD, J. The first objection made to the regularity of the trial in this case is, that the deposition of Jared H. Kibbee was not properly filed,— the wrapper not being attached to the deposition, and the filing of the clerk being upon the wrapper. The question of the identity of the deposition was one of fact, to be determined by the county court; and their determination is final.

The objection, that the deposition, in the caption and certificate, describes the plaintiff as Henry F. Walbridge, has been too often overruled, to be now brought in doubt. An initial letter· is not to be regarded as any part of a man's name,—and especially, when one name is given in full. *Isaacs, Adm'r, v. Wiley et al.,* 12 Vt. 674.

The objection, that the testimony did not tend to support the issue, should have been taken at the trial. Then the testimony would have been stated more in detail, so that we could have understandingly determined the question. The only question made in the court below was, that, even if the defendant had paid the note to Abbott, he was still liable to the plaintiff on account of what passed at the time he made the last payment of money under that note,— saying he should pay the balance soon. But this was not only before the defendant knew of Wing's intention to purchase, but before he in fact intended to purchase; so that there was no fraud on the part of the defendant; nor is he bound by what he then said, having no reason to believe, that Wing would act upon it.

In *Britton v. Bishop et al.,* 11 Vt. 70, it is expressly decided, that a defendant, in a case like the present, cannot plead in offset, and yet, that the defendant is entitled to make any defence against the note, which grew out of the note transaction, or out of any agreement between himself and the payee in relation to it; and of course such defence must be made under the general issue. This determines the very point, made here, for the first time, by the plaintiff.

Judgment affirmed.