GEORGE W. FERRIS *v.* WILLIAM H. MOSHER.

*Deed. Covenant. Payments.*

If a person, at one and the same time, executes and delivers separate deeds to two different persons, by each of which the same piece of land is conveyed, and neither is aware that the piece in question is conveyed in the deed of the other, and both deeds are left for record at the same time; each of the grantees will become entitled as against the other, to a moiety of the land; and the claim of either against the grantor, upon the covenants in his deed, will be only for the value of the other moiety.

In an action of covenant, payments made by the covenantor to the covenantee on account of the breach of his covenant may be given in evidence, in mitigation of damages, under the plea that he has kept and performed his covenant.

But if such payments are relied upon as a bar to the action they should be specially plead. BENNETT, J.

ASSUMPSIT on a promissory note, to which there were several pleas in offset. Trial by jury, August Term, 1854,—PECK, J., presiding.

The defendant plead in offset a breach of the covenants contained in a deed from the plaintiff to the defendant, dated July 25, 1850, purporting to convey, with others, four acres of land in Grand Isle, in reference to which the following facts appeared. The said four acres were a part of the dower set out to Martha Ferris, as the widow of Robinson Ferris, who was the father of the plaintiff, and of the defendant's wife and of four other children, among whom was Daniel W. Ferris. The real estate of the said Robinson Ferris, with the exception of the widow's dower and the reversion thereof, was duly divided among his six children ; and the plaintiff had, previous to the 25th of July, 1850, purchased the interest of all the other heirs with the exception of that of Daniel W. Ferris ; and had also purchased of the widow her estate in dower, together with the personal property assigned to her by the probate court, in consideration of which he had given her a bond for her support during her life.

A few days before the date of the defendant's deed, the plaintiff, the defendant and said Martha, made an agreement or agreements by which the plaintiff was to reconvey to the said Martha the property both real and personal which she had conveyed to him and take up the bond he had given, and the defendant was to take a conveyance of the same land from the said Martha, and execute a similar

bond for her support ; and the plaintiff was to convey to the defendant certain other lands for a price agreed upon; and they agreed to meet to carry out their arrangements on the 25th of July, 1850. The plaintiff's testimony tended to show that they did so meet, and employed one Perrigo to make the writings, and that at that time the plaintiff redeeded to the said Martha the property she had conveyed to him,—and gave to the defendant, the deed containing the covenants counted upon,—and that both these deeds were executed and delivered at the same time.    It appeared that the four acres in question were embraced in the description of one of the pieces of land described in the plaintiff's deed to the defendant, that an estate in them for the life of the said Martha was a part of the premises reconveyed by the plaintiff to her, and that both deeds were handed to the town clerk for record at the same time.    There was no evidence to show, and it was not claimed by the defendant, that the said Martha had any knowledge, at the time of the execution and delivery of said deeds, that the plaintiff was conveying to the defendant the same interest in the four acres which he was also conveying to her.

The defendant claimed that there was a breach of the covenants in the plaintiff's deed to the amount of the entire life estate of the said Martha, in the said four acres, and also to the amount of the interest or estate of Daniel W. Ferris in the reversion of the same, and requested the court to charge accordingly—but the court instructed the jury that if they should find that both the deed from the plaintiff to the said Martha, and that from the plaintiff to the defendant, were delivered at the same time, and the defendant was ignorant that the plaintiff was conveying to the said Martha any interest in the said premises, then neither deed would have priority over the other, and each grantee would hold against the other, one half the life estate ; and in that case the plaintiff would be liable upon his covenant only to the extent of one half of said life estate and the interest of Daniel W. Ferris in the reversion ; to this instruction the defendant excepted.

The plaintiff introduced testimony showing that after the discovery that said four acres was embraced in the deed to the defendant, he paid him, in a horse and other property, about two hundred dollars, on account of his breach of said covenants.    The defendant

objected to the testimony on the ground that there was no replica-cation to which it was applicable, the plaintiff having only replied that he had kept and peformed his covenants, but the court admitted it in mitigation of damages by way of payment, and instructed the jury that they might take it into consideration in mitigation of damages only—to all of which the defendant also excepted. Verdict for the plaintiff.

*H. R. Beardsley* and *Wm. W. White* for the defendant.

*G. Harrington,* for the plaintiff.

The opinion of the court was delivered at the circuit session in September, by

BENNETT, J. The questions of law made in this case arise on the defendant's declaration in offset. We see no objection to the charge of the court, in relation to what must be the effect of the deeds of the plaintiff to the defendant, and to Martha Ferris, in case the jury should find, that both deeds were delivered at one and the same time, and the defendant was then ignorant that the plaintiff was conveying to the said Martha Ferris her life estate or any interest in the four acres.

The case in its facts is a novel one, and I am not aware of an adjudication upon the precise point; but it seems to me much more reasonable to hold that each shall have a moiety, as against the other, than that either shall hold the whole against the other. If one is to take the whole, which shall it be? No reason can be assigned why it should be the one instead of the other. One or the other of these results must follow; and it seems that in its effect, the legal transaction must be the same, so far as a conveyance of a title is concerneed, as if the plaintiff had given but one deed running to both the defendant and Martha Ferris. The two deeds took effect at the same time, though they cannot be regarded as parcels of one entire contract; and as the whole title passed from the plaintiff at the same instant of time, we think it passed under the effect of the two deeds, that is, a moiety to each grantee. As the necessary result, the defendant was entitled to damages on the covenants in his deed to the extent of one half the

value of the life estate of Martha Ferris, and to the extent of Daniel W. Ferris' interest in the four acres, which, as I understand it, was equal to one-sixth in the reversion. This was the rule given to the jury by the county court.

We think the payments made on account of the breaches of the covenants in the deed were properly admitted in mitigation of damages. No doubt if payment is relied upon as a *bar* to an action for damages for a breach of covenant, it must come in by way of a special plea; but in making up the damages, it would be extraordinary if these payments could not be considered. In *Morris v. Phelps*, 5 Johns. 54, it is indeed said that the rights of the parties must be determined according to the existence and extent of those rights when the action is commenced. But in regard to the extent of damages, we apprehend in many cases they may be enlarged beyond what they existed when the action was brought, and in other cases may be reduced. It is of every day occurrence in actions of assumpsit to admit on trial, upon the general issue, payments, made pending the suit, to be proved in reduction of damages. The rule should be the same in a case of this description.

The judgment of the county court is affirmed.