Thrall v. Wright.

REUBEN R. THRALL v. WILLIAM H. WRIGHT.*

Infancy.   Pleading.   Evidence.

A lawsuit may be necessary for an infant; whether it is or not must be determined by circumstances as in case of other things claimed to be necessaries.

The defence of infancy is admissible under the general issue.

Infancy being shown, the burden of proof is on the plaintiff to show that the articles sued for were necessary for the infant, whether they are in the class of necessaries or not.

INDEBITATUS ASSUMPSIT in the common counts for money paid and for work and labor. Plea, the general issue, and trial by the court, September Term, 1864, KELLOGG, J., presiding. The facts are sufficiently stated in the opinion.

Judgement for the defendant. Exceptions by the plaintiff.

Reuben R. Thrall, pro se.

W. H. Smith, for the defendant, cited 1 Chit. Pl. 511 ; Gould Pl. ch. 6, § 47, p. 329 ; Kimball v. Lamson, 2 Vt. 138 ; Bent v. Manning, 10 Vt. 225 ; Phelps v. Wooster, 11 N. H. 51 ; Dig. 315 (10 )

The opinion of the court was delivered by

ALDIS, J. The defendant was a minor—had a note against his father and employed the plaintiff, an attorney, to bring a suit on it against his father. The suit was afterwards discontinued. The boy told the attorney, when he applied to him to bring the suit, that he did not reside with his father, and that his father had given him his time. The father was a man of property, willing and able to support his son, and desired that he should remain at home.

---

*This case was decided at the January Term, 1865.

This suit is brought by the attorney to recover of the minor for his services and disbursements in the suit. The minor pleads infancy.

The court below have found that the suit was not necessary, to protect the son's interest in the note, not beneficial to the minor, and not proper and expedient under the circumstances.

1. The plaintiff insists that in this finding there was error, and that upon the facts disclosed in the case the suit was necessary. Why? Not because the evidence did not tend to prove the fact that the suit was unnecessary, nor because the court exceeded their duty in finding the fact from the evidence, for the trial was by the court.

If there was error in this finding it must be because, as *matter of law*, in all cases where a father is indebted to his minor son, a lawsuit with the father is a necessary for the son. We are not prepared to establish such a rule. Prof. Parsons, in his work on Contracts, p. 246, enumerates in his list of articles not necessaries for an infant—" Horses, saddles, bridles, liquors, pistols, powder, whips and fiddles, balls and serenades, counsel fees and expenses of a lawsuit," citing *Phelps* v. *Worcester*, 11 N. H. 51. But the circumstances of each case must govern. Thus, a horse might be necessary if the infant's health required him to ride. So a lawsuit *might* be necessary.

2. The defendant insists that infancy cannot be shown under the general issue since the passage of the act of 1856. That act provides that a defendant must plead specially " matter which operates to extinguish a right of action that has once existed."

If the money expended for the infant and the services rendered him were not necessary, then no right of action ever existed. The plea of infancy denies that the plaintiff ever had any cause of action. It was therefore admissible under the general issue.

3. The plaintiff insists that the burden of proof is on the infant to show that the articles furnished were not necessary, and that the court erred in requiring the plaintiff to show, in order to rebut the plea of infancy, that the articles were necessary. The plaintiff's account being, for counsel fees and disbursements in a lawsuit, the articles charged were not in the class of necessaries—*prima facie* were not necessaries. The burden of proof was clearly on

the plaintiff to show that they were necessaries. But we think the rule goes further—that as infancy is *prima facie* a defence to a suit on a contract,—that fact being shown is a bar; and then the burden of proof rests on the plaintiff to show such affirmative fact, viz: that the contract was for necessaries,—as rebuts the plea. Though the articles sued for by the plaintiff were in the class of necessaries, it would not follow that they were necessary for the infant.

Judgment affirmed.