Farr, Admr. *v.* Payne.

WARREN A. FARR, *Adm'r of* FOSKETT FARR *v.* HENRY PAYNE.

*Burden of Proof. Evidence. General Issue.*

Proof of the debt by introducing the disclosure of the defendant, as trustee in another suit, is *prima facie* sufficient, without proof that it had not been paid subsequent to the disclosure, it appearing that no judgment was rendered against the defendant as trustee in the other suit, on account of the death of the plaintiff's intestate, who was the principal defendant in that suit.

When a fact is proved which is in its nature continuous, the general rule is, that it is presumed to exist till the contrary is proved. A debt being proved, by proving an admission, the fact that it had not become payable at the time the defendant admitted its existence, does not take the case out of this general rule.

The question is undecided whether a defendant may not prove payment under the general issue, notwithstanding the statute, (Gen. Stat. p. 291, ch. 33, § 15,) if such payment was made before or at the time the debt became payable.

THIS was an action of general assumpsit. The plaintiff filed a specification, to which the defendant pleaded the general issue. Trial by court, April Term, 1867, BARRETT, J., presiding.

The plaintiff offered in evidence, a note dated January 1st, 1865, for $174.19, indorsed $80., March 26th, 1866. This note was conceded to be genuine, and it was also conceded that its amount, less the indorsement, was due at the commencement of this suit.

The plaintiff also offered in evidence, the disclosure hereto annexed, marked A., and accompanied the same with proof that the defendant signed and swore to the same at its date.

This was all the evidence on the part of the plaintiff to show any right to recover, except that the suit in which the disclosure was filed, ended without any judgment against the trustee, by the death of the plaintiff's intestate.

The defendant moved the court to dismiss the case for want of jurisdiction, on the ground that the only claim that the plaintiff had shown a *prima facie* right to recover upon, was within the jurisdiction of a justice.

The court overruled the motion, and held that the plaintiff had *prima facie* shown a right to recover for the yoke of oxen in the disclosure mentioned, $180.00, and articles sold at auction, $19.00, in

addition to the amount now due on said note, and rendered judgment for the plaintiff to recover therefor,—to which the defendant excepted.

## PLAINTIFF'S SPECIFICATION.

1865.
Nov. 1.

| | | | |
|---|---|---|---|
| One yoke of oxen, | - - - | | $180.00 |
| Various articles sold at auction, | - - | | 19.00 |
| 20 tons of hay at auction, | - - | | - 300.00 |
| Note dated January 1st, 1865, for | $174.19 ⎫ | | |
| Indorsed March 26th, 1866, | 80.00 ⎭ | | |

## DISCLOSURE A.

" CALVIN J. HOLDEN *v.* FOSKETT FARR, HENRY PAYNE, *Trustee.*

And now the said Henry Payne, summoned as trustee in said suit, comes and disclosure makes, that at the time of the service of the writ in this suit upon him, the said Henry Payne, he, the said Henry Payne, was indebted to the said Foskett Farr for one yoke of cattle to the amount of one hundred and eighty dollars ; for articles bid off at auction to the amount of about nineteen dollars, and for some hay to an amount unascertained, but to be ascertained when delivered. All of which is to be paid to the said Foskett Farr in the month of January next. And except as aforesaid, I had not at the time of the service of said writ, nor have I since had any goods, chattels, rights or credits of said Foskett Farr, in my hands or possession.

H. PAYNE."

*Chas. N. Davenport*, for the defendant.

*H. H. Wheeler*, for the plaintiff.

The opinion of the court was delivered by

PECK, J. The only qustion in the county court, and the only point made in argument in this court is, whether the evidence on the part of the plaintiff was sufficient to entitle him to recover the one hundred and eighty dollars for the oxen, and the nineteen dollars for articles sold at auction. The only proof was the defendant's disclosure in the suit, *Holden* v. *the intestate*, in which the defendant in this suit was summoned as trustee. The disclosure was sworn to December 9th, 1865, and contains an admission of an indebtedness

Farr, Admr. *v.* Payne.

by this defendant to the intestate for these two items, payable in the month of January, then next.

It is urged by the defendant's counsel, that this evidence did not show an indebtedness existing at the time of trial, as the defendant may have paid it; and that it is to be presumed he did pay it after the disclosure was filed, and when it became payable by the terms of the contract. But the plaintiff having shown the existence of the indebtedness, the burden was cast upon the defendant to show that the debt had been paid, or otherwise extinguished or discharged. When a fact is proved, which in its nature is continuous, the general rule is, that it is presumed to exist till the contrary is proved. The fact that the debt had not become payable at the time the defendant admitted its existence, does not take the case out of this general rule. Payment, being an affirmative fact to be done or performed by the defendant, was for the defendant to prove. It was not for the plaintiff to prove the negative. It is insisted by the counsel of the defendant, that it should be presumed that these items were embraced in the defendant's note given in evidence on the part of the plaintiff. But on looking at dates, it is seen that the note is dated January 1st, 1865, nearly a year before the date of the disclosure. It is suggested by the defendant's counsel, that there must be a mistake in the date of the note; that it should have been dated January 1st, 1866; and the fact that the note is not mentioned in the defendant's disclosure would seem to favor the suggestion. But if the defendant relied on the fact of such mistake, the fact should have been proved and found in the exceptions; this court can not presume it. There is one fact in the case which tends to rebut the presumption of payment. The trustee suit was pending till terminated, without judgment against the trustee, by the death of the plaintiff's intestate. Therefore, during the life of the intestate, the defendant could not safely have paid the debt, and it is not probable he would have done so.

In addition to this question as to the burden of proof, the counsel of the plaintiff insists, that as the case was tried upon the general issue without any plea or notice of payment, the defendant had no right to rely on payment in defence. It may be a question whether *debitum in presenti solvendam in futuro,* constitutes a " *right of action which*

40

*once existed,*" within the meaning of the statute. In a strict legal sense, a right of action implies a right to sue ; and in this sense, if a party pays a debt when it becomes payable, no right of action ever existed. It may therefore be regarded as an open question, whether a defendant may not prove payment under the general issue, notwithstanding the statute (Gen. Stat. p. 291, ch. 33, § 15,) if such payment was made before or at the time the debt became payable. This question we leave undecided until a case arises which necessarily involves it, as the other ground is sufficient to warrant the affirmance of the judgment.

Judgment affirmed.