## SHAW v. MOON.

### Pleading. Evidence.

In assumpsit for work and labor of the value of $35.30, to which the general issue was pleaded, the referee reported that defendant offered evidence of cash items charged to plaintiff on book, amounting to $17.65, to the admission of which plaintiff objected, for that defendant had not pleaded on filed notice of payment, but upon the admission of which defendant insisted, for that such items, as payment, might be shown under the general issue. *Held*, that the finding of the referee, in connection with the claim made by defendant at the time the evidence was presented, was equivalent to an express finding that the items were a payment in fact of a portion of plaintiff's claim, and that the evidence was admissible.

GENERAL ASSUMPSIT. Plea, the general issue, and trial by referee, who reported that the plaintiff did certain work for the defendant in repairing a steam boiler, that with interest on the sum so earned to September 1, 1875, amounted to $35.30; that the plaintiff was entitled to recover that sum, unless the five several cash items, amounting with interest thereon to $17.65, that the defendant had charged on book, and of which he offered evidence, ought to be deducted therefrom, in which case the plaintiff should recover the remainder, $17.65; that when defendant offered evidence of said items, the plaintiff objected to its admission, for that the defendant had not filed a plea in set-off, nor a plea nor notice of payment, and that the evidence was not admissible under the general issue; that the defendant urged his right to the allowance of such items as payment under the general issue, and upon no other ground, and insisted that it was not necessary to plead specially nor to give notice; that the evidence was received subject to the plaintiff's objection, and it was found that the items to

which it related should be allowed, if not prevented by the state of the pleadings.

The court, at the September Term, 1875, POWERS, J., presiding, rendered judgment on the report for the larger sum ; to which the defendant excepted.

*Young*, for the defendant.

As the defendant claimed the items as payment, and put his claim on no other ground, the question of set-off not being in issue, and as the referee found that they should be allowed, he must have found that they were payments.

It is not necessary to plead partial payment, nor to give notice thereof under the general issue, in general assumpsit referred by rule of court. The reference is not of a particular issue, and the suit should be tried without strict regard to the pleadings. *Eddy . v. Sprague*, 10 Vt. 216 ; *Learned v. Bellows*, 8 Vt. 79 ; *Baker et als. v. Troy & Rutland R. R. Co.* 27 Vt. 766, 776 ; *Carter v. Howard*, 39 Vt. 106 ; *Spaulding v. Warren*, 25 Vt. 316 ; *Hicks v. Cottrill*, 25 Vt. 80 ; *Davis v. Campbell*, 23 Vt. 236 ; *Cook v. Carpenter et al* 34 Vt. 121 ; *Fulton v. Wiley*, 32 Vt. 762.

In general assumpsit when there are mutual accounts, the balance only may be recovered ; and there is no need to plead in set-off, nor to give notice. Gould Pl. 304 ; 2 Greenl. Ev. 569 ; 1 Swift Dig. 726 ; *Carpenter v. Coit*, 1 D. Chip. 88.

At common law, payment was admissible under the general issue, and the rule is the same under the decisions of our courts. *Britton v. Bishop et als.* 11 Vt. 70.

*Crane*, for the plaintiff, cited *Fulton v. Wiley*, 32 Vt. 762.

The opinion of the court was delivered by

ROYCE, J. This was an action of general assumpsit, plea, the general issue, and was heard upon the report of a referee. The report is in the alternative, and the only question is, for which sum the court should have rendered judgment. The defendant had charged the items specified in the report on book, and claimed said items should be allowed as *payment*, and rested his claim

upon no other ground. The plaintiff objected to the referee's receiving any evidence in support of said items, or to their being allowed in offset or as payment, because no plea in offset, or plea or notice of payment had been filed. The referee found from the evidence thus objected to, that said items should be allowed the defendant " if not prevented because of the pleadings." If he had reported that he found that such items were intended and understood to go in payment of the plaintiff's claim, the question would be free from embarrassment, because payment may be given in evidence under the general issue in assumpsit. 1 Chit. Pl. 472, and cases cited; *Britton* v. *Bishop et al.* 11 Vt. 70. But the finding by the referee, taken in connection with the claim made by the defendant when the items were presented, we think is equivalent to an express finding by him that they were a payment in fact of a portion of the plaintiff's claims. The judgment is reversed, and judgment rendered for plaintiff on the report for $17.65, and interest from the first day of September, 1875.