H. C. WORTHEN AND WIFE, v. RANSOM DICKEY AND OTHERS.

*Partial Payment. Pleading. Offset. Notice.*

1. In assumpsit a *partial* payment on a note may be proved under the general issue.
2. Ordinarily, when a statute is in derogation of the common law it is not to be extended beyond the ordinary scope of the language used.
3. R. L. s. 908, general issue with notice ; s. 909, pleading, &c.,—construed.

TRIAL by jury, September Term, 1879, Washington County, REDFIELD, J., presiding ; and verdict for the plaintiff. Action, assumpsit on a note. The case is stated in the opinion.

*Dickey & Son*, for the defendant.

The court below erred in excluding the evidence offered to show a part payment. Such evidence was admissible, not as a defence, but in reduction of damages. *Ferris* v. *Mosher*, 27 Vt. 218 ; 1 Chitty on Pl. 477–80 ; 2 Greenl. on Ev. ss. 135 & 516. Gen. Sts. c. 30, s. 32, applies only to matters required by the common law to be pleaded in bar ; and Gen. Sts. c. 33, s. 15, applies only to matters operating to extinguish a right of action which once existed, and does not apply to matters operating merely to reduce or mitigate damages. The evidence offered went to the damages and not to the right of recovery, and should have been received.

*S. C. Shurtleff*, for the plaintiff.

The evidence of payment offered by the defendants was properly excluded by the court, as this defence was not made by the notice as required by statute. Gen. Sts. c. 30, s. 32 ; Gen. Sts. c. 33,

s. 15. The court was fully warranted in holding the defendants strictly to their notice, as the note in suit had not all become due, and there was no danger of the defendants losing anything. They can make this defence when sued for the balance of the note.

The opinion of the court was delivered by

Ross, J. The only exception taken on the trial by the defendants, which is now insisted on, is, in regard to the correctness of the ruling of the County Court excluding the evidence offered to show a partial payment on the note in suit. The contention of the defendants is supported by *Shaw* v. *Moon*, 49 Vt. 68. That was an action of general assumpsit, tried on the plea of *non assumpsit*. It was to recover for the work of the plaintiff for the defendant. On the trial before the referee, the defendant offered evidence of certain cash items which he claimed were payments towards the work. The plaintiff objected to the evidence because the defendant had not filed a plea in set-off, nor a plea, nor notice of payment. The defendant then insisted, that he had the " right to the allowance of the items as payment under the general issue, and upon no other ground, and insisted that it was not necessary to plead specially, nor to give notice." The evidence was received subject to the plaintiff's objection, and it was found that the items should be allowed unless prevented by the state of the pleadings. It will be seen, from this statement, that the question was squarely presented whether a partial payment could be shown uuder the general issue in assumpsit. No claim was made that the case stood, on trial before the referee in regard to the necessity of pleading, or giving notice of partial payment, otherwise than it would if on trial by the jury. The County Court held that such partial payments could not be allowed. On exception to this decision, this court reversed the judgment of the County Court, and held that such items were properly proven, and should be allowed. The only question which this court made was whether the finding of the referee was equivalent to finding the items were received in part payment of the plaintiff's claim. The court say: " If he had reported that he found that such items were intended and understood to go in payment of the plaintiff's

claim, the question would be free from embarrassment, because payment may be given in evidence under the general issue in assumpsit." It then held that the finding of .the referee, in connection with the claims made by the parties, was equivalent to an express finding by him that they were a payment in fact, of a portion of the plaintiff's claims. Hence that decision, if it is to stand, is full authority in support of the defendant's present contention. But it is contended that that decision was pronounced by only three members of the court—no other members of the court being present and participating therein—and that it does not express correctly the law of the State on this subject. It is insisted that by s. 909, R. L., notice in writing, must be filed of partial payments in order to render evidence of them admissible under the general issue in assumpsit; and that such has been the understanding of the profession, and practice of the court since the passage of said section in 1856. It is doubtless true that the understanding of the profession and practice of the courts have not been uniform, in the different counties of the State. The section reads : " In actions of assumpsit, debt on simple contract, and trespass on the case, including trover, if the defendant pleads the general issue, but relies on special matter of defence, as payment, release, accord and satisfaction, a judgment recovered for the same cause, or other matter operating to extinguish the right of action which once existed, he shall file with such plea . . a notice in writing specifying the intended matter of defence under such plea." It is observable that the clause, " operating to extinguish the right of action which once existed " applies to " payment " as well as " release," " accord and satisfaction," and " a judgment recovered for the same cause " ; and that these latter are not *partial* but *full* defences. The usual rule of construction would require that the payment specified, should be of the same character—a full defence. The language, " operating to *extinguish* the right of action which once existed," is unfortunately selected if it does not mean a full payment; and if it applies to partial payments, which operate only to *lessen*, and not to *extinguish* the right of action. If it was intended to apply to partial payments we should have ex-

pected the legislature to have used language appropriate to that end, and have said, " operating to lessen," or " to extinguish or lessen the right of action," &c. ; and all the more, when we recall that this section was framed and recommended to the legislature in 1853 by a commission appointed by the governor, consisting of men of such discrimination and accuracy, and such masters of language to express the exact idea intended, as were the then Chief Justice STEPHEN ROYCE, LUCIUS B. PECK and Judge BAR- RETT. A recurrence to the report of this commission, to the leg- islature, which accompanied and recommended the enactment of the section under consideration, confirms the natural impression made by the language of that section, that it was to apply only to matter that operated to extinguish the right of action which once existed. Their report covered several subjects, but all relative to this subject is as follows : " It has not occurred to us that any suggestions as to the use of the general issue are called for, ex- cept in reference to actions of assumpsit, debt on simple contract and actions on the case. In most of these actions the effect of that plea is not simply to deny the facts alleged by the plaintiff as the ground of his action, but also, to controvert *the continuing liability* of the defendant when the suit was commenced, although the facts alleged as the basis of the action may be true. Hence nearly every matter *operating to extinguish that liability* as pay- ment, release, or judgment obtained for the same cause, arbitra- ment and the like are admissible in evidence under the plea, though in a great measure foreign to the terms of it. It may deserve consideration whether in cases, when the defendant intends to rely on such extraneous matter in defence, he should not be required to accompany the plea with a written notice or specifica- tion of the matters so relied upon." Here again we have payment spoken of as matter operating to extinguish the liability counted upon in the declaration. There is no suggestion of a necessity, or intention of modifying the law relative to the admission of evi- dence, under the general issue, of partial payments, which ope- rated only to lessen the amount of the liability counted upon in the declaration. At common law, not only partial, but full pay- ment, could be shown under the general issue in assumpsit. 1

Chitty Pl. 472 & 477, and cases cited. *Britton* v. *Bishop et al.*, 11 Vt. 70 ; *Ferris* v. *Mosher*, 27 Vt. 218. Ordinarily, where a statute is in derogation of the common law, it is not to be extended beyond the ordinary scope of the language used. Such has been the construction given to the language of this statute so far as it has come before the court for consideration. In *Thrall* v. *Wright*, 38 Vt. 494, it was held that " matter operating to extinguish a right of action which once existed " did not require that notice should be given of infancy, as a defence in assumpsit ; in *Matthie* v. *Barton*, 40 Vt. 286, it was held that a town when sued for an injury on a highway was not required by this statute to give written notice with the general issue that the notice of the injury required by the statute, had not been given ; in *Farr, Admr.*, v. *Payne*, 40 Vt. 615, it is intimated that payment of the debt before, or at the time it fell due, might be given in evidence under the general issue, notwithstanding this statute. In *Harlow et al.* v. *Dyer*, 43 Vt. 357, PECK, J., speaking of this statute, says : " It does not require defences admissible under the general issue at common law to be pleaded specially or by way of notice, unless it be ' *matter operating to extinguish the right of action which once existed ;* ' " and it was held that where the plaintiffs had contracted with the defendant to ship them a quantity of hay, and had paid him $500 towards the same, and when hay had fallen in market, and they had ordered defendant to sell the hay and give them credit for it, and he had done so, that he could give these facts in evidence when sued in assumpsit by the plaintiffs to recover back the money advanced. In *James* v. *Aiken*, 47 Vt. 23, it was held, that a joint debtor when sued for contribution by his co-debtors could give in evidence under the general issue that the plaintiff had, when he paid the common debt for which he sought contribution, funds belonging to the joint-debtor. These decisions show, that the court heretofore, has not been inclined to extend, or give to this statute force, beyond the natural scope of the language used. It is not to be construed with reference to what would be convenient or inconvenient, to the plaintiff when he brings a suit in assumpsit. Doubtless, it would have been highly convenient for the plainttff in *Thrall* v. *Wright, supra,* to have

received notice that the defendant relied upon infancy as a defence ; in *Matthie* v. *Barton*, that the defendant denied receiving the notice of the injury required by statute ; in *Farr, Admr.*, v. *Payne*, that payment in full was made before or at the time the debt became due ; in *Harlow et al.* v. *Dyer*, that the contract sued upon had been waived by subsequent directions, and the money advanced thereby absorbed ; and in *James* v. *Aiken*, that the defendant claimed he had funds in his hands belonging to the joint debtors when he paid the joint debt ; but no such consideration was listened to in construing the language of the statute. This would seem to answer the consideration urged that there is the same necessity for a plaintiff to have notice of a partial, as of a full, payment of his claim. It is enough that the law has not so declared. The detriment that would be occasioned to a defendant by holding that notice of all claimed partial payments must be given in writing in order to be admissible on assessing the damages, would quite overbalance the benefit to be derived by the plaintiff from such practice. If such were the law, in almost every case, where payments had been made on notes or other money contracts, the defendant when sued would be under the necessity of employing an attorney to appear for him and file the requisite notice. He could not, as under the common law, allow judgment to pass by default against him, and show his partial payments on the assessment of the damages. Assuredly, if the statute were to be construed to include partial payments amounting to less than full payment, the plaintiff ought to be required to set forth in his declaration all the partial payments which he admits he has received,— a thing that at present is rarely done.

It is further urged that unless this section is held to require notice of partial payments, nothing has been gained by its enactment, inasmuch as s. 908, R. L., requires notice in writing, to accompany the general issue, of special matters of defence or justification. This latter section with some slight verbal modifications was enacted in 1797, as a part of the judiciary act. 1 Tol. St. 95, s. 98. The notice spoken of in this section has always been held to apply to matters of defence, or justification, which at common law, could not be given in evidence under the general

issue, but which must have been pleaded specially. It allows a defence to be made under a notice, which would by the common law be required to be pleaded specially. *Herrring* v. *Selding*, 2 Aik. 12 ; *Pierce* v. *Clark*, 1 Tyler, 140. Section 909 requires notice to be given in writing, when the general issue is pleaded in the actions named of certain matters which at common law could be given in evidence under the general issue, whenever such matter operated " to extinguish the right of action which had once existed."

From the course of the decisions of this court, and from reason, as well as from the language and purpose of the statute, there is no good reason for overruling the decision of *Shaw* v. *Moon*. That decision renders the ruling of the County Court erroneous.

The judgment of that court is reversed, and the cause remanded for a new trial.