## Albert J. Geis and James L. Veronee v. William A. Fowler.

1. CONSIDERATION—*What Can Not be Pleaded as a Failure of—Set-Off.*—The consideration for a note which had been assigned, having partially failed, the payee requested the payor to honor the note, offering to make an allowance on another note due at a later date, and the first note was accordingly paid. In a suit on the second note by an assignee after maturity, *it was held* that these facts could not be pleaded as failure of consideration or as a set-off, but that they were admissible under the general issue.

Assumpsit, on a promissory note. Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed March 8, 1897.

WILBUR & HAUZE, attorneys for appellants.

G. FRANK WHITE, attorney for appellee.

Mr. Justice Gary delivered the opinion of the Court.

The appellee sued the appellants upon a promissory note given for paper.

Upon a previous purchase they had given and paid a note, of which the consideration had partly failed by reason of defective quality of the paper, but which note, having been discounted, the appellee requested the appellants not to let it go to protest, and on the note in suit the damages, by reason of the defective quality of the paper, which was the consideration of the first note, should be allowed, and thereupon the appellants paid the first note, at least this was the defense the appellants made, but the court struck it out. If this was a defense at all, it was admissible under the general issue. It could not be pleaded as failure of consideration, for the consideration which failed was of the other note.

Nor as a set-off, for the transactions were all between the appellants and a corporation which the appellee was president, so that the cross-demand was not against the plaintiff in this suit, nor was it of such a nature as is provided for in section 12 of the act concerning negotiable instruments.

Payment, accord and satisfaction, release, are defenses admissible under the general issue.

This is neither, but it is of the nature of them in respect that it is matter of defense accruing by virtue of the agreement after the note sued upon was made, and especially in the nature of accord and satisfaction, in respect that the agreement was to accept, *pro tanto*, the damages under the former transaction in satisfaction of the demand upon the later one. The objection now first made by the appellee, that the rule by which the damages were to be measured was not the right one, is not in order; the defense was rejected as being wholly inadmissible. When it is let in will be the time to determine how the amount of it shall be ascertained. Walbridge v. Kibbee, 20 Vt. 543, is very much in point.

The judgment is reversed and the cause remanded.