BACON & TOMLINSON V. WARNER.

An obligation assigned is subject to the same equity in the hands
of an assignee, as it was in the hands of the promisee.

PETITION in chancery; showing, that Daniel Grey a bank-
rupt, assigned to the petitioners an execution in his favor
against Joseph Webb of Wethersfield, for the sum of £75 7s.
10d. lawful money debt and cost, dated the 6th of February
A. D. 1788, in payment of a debt said Grey owed them;
that they delivered said execution to said Warner, constable
of said Wethersfield, who received it to levy and collect, and
informed him that said execution was assigned to them, and
that said Grey was bankrupt; that said Warner collected a
part of the money and got security for the remainder, and
suffered said execution to run out; whereby he became liable
to pay it; that said Webb and said Warner contrived together
to defraud the petitioners of said debt, procured a discharge
of said execution from said Grey, whereby the petitioners are
defeated of their remedy at law against said Warner, and said
Webb is insolvent: Praying that said Warner may be com-
pelled to pay said execution to them, etc.

To which petition said Warner made the following answer,
viz. he admitted that he received said execution to collect;
that he collected £32 upon said execution and paid it to the
petitioners; that there was no assignment written upon said
execution; that he knew of none except by the verbal informa-
tion of Samuel Thatcher, who delivered him said execution.
That the note on which said execution was recovered was
given for the balance upon a settlement of accounts, between

said Grey and Webb; in which settlement there was a mistake, which was discovered, and said Grey had given said Webb a writing engaging to rectify it, by indorsing the sum upon said note, long before said execution was assigned to the petitioners; that said Webb, without the knowledge or privity of the respondent, in pursuance of said agreement applied to said Grey and obtained said discharge, it being for the amount of said mistake and no more; and of which the respondent had no knowledge, until five days after it was done; and that he never did collect any money on said execution, except said £32, which he paid to the petitioners. To this answer the petitioners demurred.

Judgment of the court — That the answer is sufficient, and that the petitioners take nothing by their petition.

First, because said debt was subject to the same equity in the hands of the assignees, the petitioners, as it was in the hands of Grey. This is a settled principle in equity; except, in favor of commerce, the case of bills of exchange and negotiable notes.

Secondly, Warner being an officer, is not liable to the petitioners in equity for money which he had not collected, on the ground of a nonfeasance, from which he was legally and fairly discharged without any fraud in him.