ALEXANDER ARMSTRONG v. WM. P. NOBLE.

*Note Transferred After Due. Offset. Payment. Wife a Witness.*

1. The maker of a note, transferred after it is due, sued in the name of the transferree, cannot *plead in offset* a matter which existed between him and the payee at the time of the transfer, although he can, *payment*, or, any defence, which grew out of the note transaction.
2. When the maker of such note c'aims that he boarded the payee's wife, and that the payee, before the transfer, agreed the boarding should be a payment on the note, the fact that he did board renders the agreement more probable, and is, therefore, evidence.
3. A note having been transferred, an action having been brought in the name of the holder, the wife of the payee may be a witness for the maker, it not appearing affirmatively that her husband had any interest in the event of the suit, and her testimony not relating to any matter that would be a breach of marital confidence.
4. The admitting and withdrawing by the court of evidence in support of plea in offset to an action on a note transferred after due, which plea is an insufficient defence, does not fall within the rule announced in *State* v. *Meader*, 54 Vt. 126, that the error of admitting illegal evidence is not cured by charging it out of the case.

ASSUMPSIT upon a promissory note.   Pleas, general issue, payment and offset.   Trial by jury, September Term, 1882, ROYCE, Ch. J., presiding.   Verdict for the defendant.

The plaintiff introduced the note in suit and rested.   The note was payable to W. A. Armstrong, or bearer.   It was endorsed to the plaintiff long after it became due, and only a short time before

this suit was brought. The plaintiff is father of said W. A. Armstrong. The defendant's daughter was the wife of said W. A. The defendant introduced evidence, against the objection and exception of the plaintiff, tending to show that the wife of the payee of the note was and had been sick ; that she lived in her father's family ; that she had a child born in 1878 ; and to show particularly the condition of her health, and the expenses of boarding and maintaining her and her child, the amount of doctor's bills paid by him, and that said William A. contributed very little towards his wife's support.

The defendant also offered evidence tending to show that, after the execution of the note, it was agreed between him and said W. A. Armstrong, that the board of his wife and the sums paid by the defendant for her doctor's bills should be applied on the note. And the defendant claimed that said last-mentioned agreement, if established, would be a defence to the action, and if not, that an implied contract from the other testimony offered would be. And also, if the facts were established, he had a defence under his plea in offset. The plaintiff claimed that neither the evidence offered, nor any evidence, was admissible in support of such implied contract, nor of the defendant's plea in offset. The defendant offered the wife of said W. A. Armstrong as a witness to testify to the foregoing facts, excepting as to said special agreement, and also as to her husband's ill treatment of her on one or two occasions. The plaintiff objected to her being a witness in the case, but the objection was overruled, and she testified to the foregoing facts, excepting as to said special agreement, and the plaintiff excepted. The plaintiff introduced testimony tending to show no special agreement in relation to applying the board of Mrs. Armstrong and her child, and her medical attendance, upon the note, was ever made ; and tending to show that Mrs. Armstrong was able to live with her husband, and, much of the time, to attend to her duties as a wife ; that her husband had on several occasions requested her to come and live with him, but that she refused to live with him.

The court charged the jury that the defendant could not defend the action upon the ground of the implied agreement, which the

defendant's evidence tended to show, nor upon the ground of offsetting claims of the defendant against W. A. Armstrong; and that the only questions of fact for the jury to determine were whether or not the special agreement which the defendant's evidence tended to show was made by the defendant and W. A. Armstrong, and the amount the defendant would be entitled to for boarding Mrs. Armstrong and child, and what he had so paid for medical attendance; that the only direct testimony upon that question was the testimony of the defendant, W. A. Armstrong, and Ami Armstrong; that the other testimony in the case was not to be considered by the jury, except so far as it might tend to show whether or not that agreement was made, and the amount the defendant was entitled to for board and medical attendance, and upon the question of the veracity of the witnesses who had testified in relation to said agreement, and that so far as the jury should consider that the other testimony in the case had a tendency to prove or disprove said agreement, or had a bearing upon the question of the veracity of the witnesses who had testified in relation to the agreement, and as to the amount to which the defendant was entitled for board, &c., and no further. They were at liberty to consider all the testimony in the case; and the court also charged the jury that they were at liberty to consider the fact that the defendant did, in fact, support and board the wife and child of said W. A. Armstrong, as bearing upon the question of whether said special agreement was made or not.

*H. S. Royce*, for the plaintiff.

The evidence in support of the plea in offset, and to prove the implied promise, was inadmissible; and charging it out of the case does not cure the error of admitting it. *State* v. *Meader*, 54 Vt. 126. The wife was not a witness. *Carpenter* v. *Moore*, 43 Vt. 394; *Sargent* v. *Seward*, 31 Vt. 509; *Wheeler* v. *Wheeler*, 47 Vt. 637; *Labaree* v. *Wood*, 54 Vt. 452; *Edgell* v. *Bennett*, 7 Vt. 534.

*Noble & Smith*, for the defendant.

The wife was a witness. *R. & B. R. R. Co.* v. *Lincoln's Est.*

29 Vt. 206; *Carpenter* v. *Moore*, 43 Vt. 394. There was no error in the admission of evidence or charge to the jury. *Richardson* v. *Royalton*, 6 Vt. 496; *Kimball* v. *Locke*, 31 Vt. 686; *Camp* v. *Page*, 42 Vt. 746; *Buck* v. *Welch*, 38 Vt. 241; *Bennett* v. *Stacey*, 48 Vt. 163.

The opinion of the court was delivered by

Ross, J. The plaintiff took the note in suit long after the same fell due. He took it, therefore, subject to all the existing defences to the note itself, or which grew out of the note transaction, or out of any agreement between the defendant and the payee, in relation to it. He could not plead in offset a matter which existed between him and the payee at the time of the transfer to the plaintiff. *Walbridge* v. *Kibbee*, 20 Vt. 543; *Bowen* v. *Thrall*, 28 Vt. 382.

The defendant was allowed against the plaintiff's objection and exception to introduce evidence tending to show that prior to the transfer he had boarded the payee's wife under such circumstances that there was an implied promise on the part of the payee to pay the defendant therefor. The exceptions give no details of what this evidence was. On the face of it, it would seem to be a matter of offset rather than one which grew out of the note transaction, or that was connected with it. The statement in the exceptions that the evidence tended to show an implied promise from the payee negates the idea that there was in this testimony any evidence tending to establish an express promise from him to have the board of the wife applied on the note. An implied promise is one raised by the law from certain facts, and which the law enforces as though there was an express promise where, in fact, none exists. But there may have been something in this evidence that tended to connect this phase of the defence with the note. This court will not presume there was not, in order to find error in the action of the County Court in admitting this testimony. There should have been a statement in the exceptions that there was no evidence tending to connect the payee's implied obligation to pay the defendant for his wife's board, with the note, or, the evidence thus admitted should have been, by a

reference thereto in the exceptions before this court, in order to sustain the plaintiff's exception on this contention. But after the evidence was closed the court, in the charge to the jury, withdrew this branch of the defence from their consideration, and held that the evidence on this point was insufficient to establish an implied promise or obligation on the part of the payee to pay the defendant for boarding the wife of the payee. This holding would seem to have cured any error the court may have committed in admitting the evidence. It is contended by the defendants, however, that inasmuch as the defendant failed to establish this branch of his defence, or to introduce sufficient evidence in the judgment of the County Court to warrant a submission of the question to the jury, the whole evidence on this subject was thereby rendered inadmissible, and that the case falls within the principle announced in *State* v. *Meader*, 54 Vt. 126. It is not quite apparent to the common mind, how evidence which tends to establish all the elements save one of a full defence, becomes inadmissible because the evidence to establish the lacking element happens to be wanting. But this branch of the defence was withdrawn from the jury. It is not manifest how the plaintiff can have been injured by the admission of evidence tending to establish it. It is not a case in which some portion of the testimony bearing upon the issue has been erroneously admitted, and the court has undertaken to cure the error by charging the jury to disregard the inadmissible testimony. The ruling of the court in withdrawing the entire issue on this defence from the jury was for the benefit and protection of the plaintiff. He should not be heard to complain of a ruling wholly in his favor. In this respect the case is distinguishable from *State* v. *Meader*. The doctrine announced in that case did not receive the approval of the entire court, and it should not be pressed beyond its legitimate limits.

II. The defendant's testimony also tended to show that the payee of the note, while he owned and controlled it, especially agreed with the defendant that the support of his wife should be a payment upon the note. It is contended that the court erred in allowing the jury to consider anything but the direct testimony

bearing upon this issue, and especially in allowing the jury to consider the fact that the defendant did board and support the wife of the payee as a circumstance bearing upon the probability of the payee of the note having made such special agreement. Whatever renders a claimed fact probable, or improbable, is proper evidence to be considered in determining whether the fact exists. If the defendant did not board and support the wife of the payee, it would be highly improbable that the payee would have made a special promise to pay for such support and have the same treated as a payment on the note. The fact that he did board and support the payee's wife and that it was the legal duty of the payee to furnish her such board and support, was a circumstance bearing upon the probability of whether he specially agreed to pay for the same. It is also claimed that the County Court allowed the jury to use all the evidence bearing upon the implied promise of the payee of the note to pay for his wife's support, in determining whether there was a special agreement that such support should be a payment on the note. An examination of the entire charge of the court is a clear refutation of this claim. After withdrawing the claim of the defendant that the evidence showed an implied promise of the payee to pay for his wife's support, the court to establish the special agreement in regard to such support being a payment on the note, confined the jury to a consideration of the direct testimony, and the circumstances *pro* and *con* bearing upon this issue. We find no error in the action of the court in this respect.

III. The wife of the payee of the note was allowed to testify in the case, but not as to any matters that would be a breach of marital confidence. The case neither on its facts nor pleadings showed that her husband had any interest in the event of the suit. Unless he was thus interested she was a competent witness in the suit. As has been frequently held and announced, error must appear upon the face of the exceptions. Every reasonable intendment is to be made in favor of the judgment of the County Court. It is for errors that appear upon the exceptions, and not for errors that rest on the assertion of counsel, that judgments are reversed.

28

It is possible that the payee of the note is the real plaintiff. If not the real plaintiff, it is possible that he transferred it in such a way that he is legally bound to make good to the plaintiff whatever was apparently due upon the note at the time of the transfer. But there is no statement in the exceptions that either possibility is a reality. This court would commit a grave error if it should reverse a judgment of the County Court upon a *conjecture*.

Judgment affirmed.