## HUBERT HALEY *v.* C. H. CONGDON.

*Note Transferred After Due. No Offset.*

The maker of a promissory note, transferred after maturity, sued in the name of the holder and owner, cannot *plead in offset* a claim in his favor against the payee; but under the general issue, he can make any defence, which grew out of the note transaction, or out of any agreement between himself and the payee in relation to the note.

ASSUMPSIT upon a promissory note. Trial by court, September Term, 1883, VEAZEY, J., presiding. Judgment for plaintiff to recover the balance due on the note. The note was given to Anthony Haley, the father of the plaintiff. The defendant pleaded the general issue, and gave notice:

"That the note described in the plaintiff's specifications has been fully paid;

That while said note was held and owned by the said Anthony Haley, the payee thereof, dealings were had between this defendant and the said Anthony Haley, wherein and whereby the said Anthony Haley became and was indebted to this defendant in an amount exceeding the balance due upon said note, which indebtedness the defendant was and is entitled to apply as an offset against said note and in payment thereof, and which indebtedness and right of offset was known to plaintiff, at the time when, if ever, he became the bearer of said note:

That the plaintiff did not become owner of said note until long after the maturity thereof, and holds the same subject to all defenses and claims in favor of this defendant and against the original payee."

The note was given for $100, and there was an endorsement on it of $55.10. The court found:

" The defense, under the notice filed, consisted of a claim in offset, being an account against Anthony Haley.   *   *   * The plaintiff knew in the spring before he took the note that

Congdon claimed he had an account against the father, Anthony, more than enough to pay the note, and refused to pay it on that account. When the plaintiff took the note, as aforesaid, in September thereafter, he took it upon the representations of his father that in the meantime a settlement had taken place between him and Congdon, and that the amount found due the latter had been indorsed upon the note, and the balance left due after the indorsement showed the true balance between them. The son bought the note upon these representations without making any inquiries of Congdon or elsewhere.

Congdon was responsible, and Anthony Haley turned the note over to the plaintiff for the purpose of avoiding any offset against it."

The account, which was found by the court to be true, was for sap buckets, money paid for said Anthony, etc., etc.; and did not purport in any way to have grown out of the note transaction.

*Prout & Walker*, for the defendant.

The transfer of the note was not *bona fide*. As to the defendant it was a fraud. The facts found by the court take the case out of the rule as laid down in *Britton* v. *Bishop*, 11 Vt. 70, if the court is disposed to adhere to it. The defendant should have been allowed his account as a defense to the note. Edw. Bills, 245; Par. N. & B., 603; Wat. Set off, 306; *Sargent* v. *Southgate*, 5 Pick. 312; 39 N. H. 541. If an endorsee knows of suspicious circumstances he is bound to inquire. *Roth* v. *Colvin*, 32 Vt. 125; *Gould* v. *Stevens*, 43 Vt. 125; *Sanford* v. *Norton*, 14 Vt. 234.

*W. C. Dunton* and *Edward Dana*, for the plaintiff.

An indorsee of an overdue bill or note is liable to such equities *only* as attach to the bill or note itself, and not to claims arising out of collateral matters. Byl. Bills (6th Ed.) 265; 2 Dan. Neg. Ins., 1436; Story Pr. Notes, sec. 178; *Burroughs* v. *Moss*, 10 B. & C. 558. It makes no difference if the endorsee had notice of the offset when he took the note. *Whitehead* v. *Walker*, 10 M. & W. 696. See *Arnott* v. *Woodburn*, 35 Mo. 99; *Way* v. *Lamb*, 15 Iowa 79; *Wilkinson* v. *Jeffers*, 30 Ga.

Haley *v.* Congdon.

153; *Robinson* v. *Lyman,* 10 Conn. 30; *Stedman* v. *Jillson,* Ib. 59; *Renwick* v. *Williams,* 2 Md. 356; *Bridge* v. *Johnson,* 5 Wend. 342. The English rule was early adopted in this State, and has ever since been adhered to. *Britton* v. *Bishop,* 11 Vt. 70; *Armstrong* v. *Noble,* 55 Vt. 429.

The opinion of the court was delivered by

TAFT, J. It has been many times expressly decided in this State that in a case like the present, the defendant cannot plead in offset a claim in his favor against the payee of the note; but that under the general issue, he can make any defence against the note, which grew out of the note transaction, or out of any agreement between himself and the payee in relation to the note. Among the cases so holding are *Britton* v. *Bishop et al.,* 11 Vt. 70; and *Armstrong* v. *Noble,* 55 Vt. 429. In *Adams* v. *Bliss,* 16 Vt. 39, it was held that offset could not be pleaded although the note had been transferred for the purposes of collection merely. The defendant in this case gave notice, by his pleadings, of payment, but the findings of the court below do not show payment, but an independent claim in offset against the payee. Whatever view we might take of the case were the question a new one, we are not inclined to disturb a rule which has been so long followed, and so generally understood.

Judgment affirmed.