C. A. F. MERENESS *vs.* ALBERT DeLEMOS ET UX.

Third Judicial District, Bridgeport, April Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

Courts of equity will, under proper circumstances, give effect to an oral agreement relating to a sale of land, where the moving party, induced by it, has pursued its provisions and partly performed the agreement.

An oral promise by a grantee to pay taxes as a part of the consideration

Mereness v. DeLemos.

for the conveyance, is a good defense in an action by him to recover such taxes under the grantor's covenant against incumbrances.

Owners of incumbered real estate exchanged their respective properties with each other, agreeing that the equities of redemption were of equal value, and adjusting the matter of incumbrances by a cash payment, by one to the other, of the difference between the aggregate amounts of the. obligations resting upon the two properties, each owner promising to pay the incumbrances on the property he received by the exchange. *Held:*—

1. That as between themselves neither could recover from the other for a breach of warranty against incumbrances upon the lands conveyed, since such incumbrances were adjusted, offset and in fact paid, by the arrangement entered into; and furthermore, each owner was, by virtue of his promise, equitably estopped from making such a claim.

2. That the same inability applied to the plaintiff, who merely stood in the shoes of one of the owners by virtue of an assignment to him of such owner's right.

A wife who, without her knowledge and without consideration from her, is made the grantee of land exchanged for that of her husband, will be treated by equity as a mere trustee for him, and therefore as subject to all the defenses which could have been made against him had he been the plaintiff in an action involving the exchange agreement.

The office of the modern equitable estoppel *in pais* is not to support some strict rule of law, but to show what equity and good conscience require under the particular circumstances of the case, irrespective of what might otherwise be the legal rights of the parties.

Ratification of an act is as effective as previous authority, except as to the intervening rights of third persons.

Argued April 18th—decided June 1st, 1917.

ACTION to recover damages for breach of covenant against incumbrances, brought to and tried by the Court of Common Pleas in Fairfield County, *Walsh, Acting-Judge;* facts found and judgment rendered for the plaintiff for $459, and appeal by the defendants. *Error; judgment to be rendered for defendants.*

The plaintiff sues as assignee of a claim for damages alleged to have been sustained by one Edna A. Bibbins, on account of a breach of warranty in a deed given to

her by the defendants. One paragraph of the defendants' answer is that Edna A. Bibbins was substituted for Royal E. Bibbins, as grantee, in this deed and represented and stood in the position of Royal E. Bibbins, and as part consideration for this deed the defendants paid to Royal E. Bibbins the amount of taxes and liens, and the defendants satisfied all obligations on their part under any covenants against incumbrances in this deed, by paying the amount of the taxes and liens to Royal E. Bibbins, acting for himself and Edna A. Bibbins.

The finding shows that prior to July 24th, 1897, one Royal E. Bibbins entered into negotiations with the defendants for the exchange of land owned by Bibbins at Bridgeport, Connecticut, for land owned by the defendants at Mount Vernon, New York. On July 24th, 1897, deeds were exchanged between these parties, the defendants giving a warranty deed of the Mount Vernon property, which deed contained a covenant that the Mount Vernon property was free from all incumbrances except two mortgages, one for $1,500, and another on which the sum of $80 was then due. At the time of making this warranty deed, at the request of Royal E. Bibbins the name of his wife, Edna A. Bibbins, was inserted in it as the grantee instead of that of Royal E. Bibbins. Edna A. Bibbins was not a party to the negotiations resulting in the conveyance of this land, paid none of the consideration, and was not present when the deed was made and delivered. She learned of the transaction later and ratified the same. At the time of the exchange of these deeds, it was agreed between Royal E. Bibbins and the defendants that the equities of the two properties, over and above the mortgages on each, were of equal value, and that the properties would be exchanged on that basis. It was also agreed between them that all

other incumbrances on each property, including taxes, assessments, interest, etc., should be figured up and determined, and that the grantor of the property on which the amount of such incumbrances was the greater should pay the excess or difference to the other party or parties, and that each party should then pay the incumbrances on the land which he or they received by the exchange. These incumbrances were then determined. It was ascertained that the amount of such incumbrances, over and above the mortgage, on the property conveyed by Bibbins, exceeded the incumbrances on the property deeded by the defendants, by the amount of $46. This sum was then paid by Royal E. Bibbins to the defendants. The defendants paid the incumbrance on the property they received from Royal E. Bibbins. At the date of this conveyance, on July 24th, 1897, there were incumbrances on the Mount Vernon land, deeded by the defendants, over and above the mortgages, consisting of tax and assessment liens, amounting to $259.67. These incumbrances were paid by the plaintiff. On May 23d, 1898, Edna A. Bibbins conveyed to the plaintiff the land in Mount Vernon, New York, and warranted the same to be free from incumbrance except the two mortgages. On October 31st, 1904, Edna A. Bibbins assigned to the plaintiff herein all right of action she might have against the defendants for a breach of warranty in the deed which they had given to her. The consideration for this assignment was the promise by the plaintiff not to bring an action against Edna A. Bibbins on the covenants contained in the deed of May 23d, 1898.

*Thomas M. Cullinan*, for the appellants (defendants).

·*Edward K. Nicholson*, for the appellee (plaintiff).

RORABACK, J. "It has long been an accepted principle that equity will, under proper circumstances, give effect to a parol agreement relating to the sale of lands where the moving party induced by it has pursued its provisions and partly performed it. The soundness of the reasoning underlying this doctrine, and its wisdom, have both been questioned, but it has become too firmly rooted in our jurisprudence to be disregarded." *Verzier v. Convard*, 75 Conn. 1, 6, 52 Atl. 255.

A parol agreement by a grantee to pay taxes as a part of the consideration of the conveyance, is a good defense in an action by the grantee on the covenant against incumbrances. *Brackett* v. *Evans*, 55 Mass. (1 Cush.) 79; *Preble* v. *Baldwin*, 60 Mass. (6 Cush.) 549. The plaintiff in the present case represents the rights which Mrs. Edna A. Bibbins had against the defendants. As such assignee, his claim is subject to the same equities as it would have been had the suit for damages been brought in the name of Mrs. Bibbins. The question, therefore, is whether Mrs. Bibbins could have recovered for these taxes and assessments if she had paid them. They were adjusted and in fact paid by the defendants in the arrangement made with them by the husband of Mrs. Bibbins. These taxes and assessments entered into and were made a part of the consideration of the deed which was given by the defendants to Mrs. Bibbins. If the deed had been given to the husband by the defendants, it could not be seriously claimed that he would not be bound by the arrangement which he had made with them. But it appears that Mr. Bibbins, acting for his wife, directed that this conveyance be made to her, and it was so made. Thus it appears that Mrs. Bibbins was a grantee in name only. She was not a real party to the transaction. No part of the consideration came from her. The husband was the real party in interest. "This

being so, equity would treat her as the trustee for her husband, holding the naked legal title, and would permit the covenantor to make any defense as against her that could be made against her husband." *Reid* v. *Sycks*, 27 Ohio St. 285, 289.

Acting upon this agreement thus made, the defendants were induced to part with their property by the deed which they gave to Mrs. Bibbins, and to pay the incumbrance upon the property conveyed to them by Bibbins. They may well invoke the doctrine of equitable estoppel. "The modern estoppel *in pais* is of equitable origin, though of equal application in courts of law. It is much more than a rule of evidence. It establishes rights: it determines remedies. An equitable estoppel does not so much shut out the truth as let in the truth, and the whole truth. Its office is not to support some strict rule of law, but to show what equity and good conscience require, under the particular circumstances of the case, irrespective of what might otherwise be the legal rights of the parties." *Canfield* v. *Gregory*, 66 Conn. 9, 17, 33 Atl. 536.

It is of importance to note that the trial court finds that Mrs. Bibbins was not personally a party to the negotiations leading up to the conveyance of this real estate, was not present when the deed from the defendants was made and delivered, and did not know of this transaction until later, when she ratified it. "The general rule as to the effect of a ratification by one of the unauthorized act of another respecting the property of the former, is well settled. The ratification operates upon the act ratified precisely as though authority to do the act had been previously given, except where the rights of third parties have intervened between the act and the ratification." *Cook* v. *Tullis*, 85 U. S. (18 Wall.) 332, 338, 21 L. Ed. 933, 936. In the present case we may lay aside any rights of the plaintiff

as a third party. As we have seen he is simply the assignee of what right, title and interest belonged to Mrs. Bibbins when she made the assignment of this claim to him. His legal rights as assignee were the same and not more than those of Mrs. Bibbins. He took his claim subject to all of the legal and equitable defenses of the defendants.

There is error, the judgment is set aside, and the Court of Common Pleas is directed to render judgment for the defendants.

In this opinion the other judges concurred.