NEW BEDFORD ACCEPTANCE CORP.

vs.

UNIVERSAL AUTO CO., INC., ET AL.

Court of Common Pleas    Hartford County    File #33801

Present: Hon. THOMAS J. MOLLOY, Judge.

Stephen F. Dunn,                    Attorney for the Plaintiff.

David Haymond,                    Attorney for the Defendant.

## MEMORANDUM FILED APRIL 4, 1935.

MOLLOY, J.   The defendant, Mildred Greenwald, needing a loan desperately, was told to see Mr. Jansen of the Consolidated Discount & Mortgage Company who could loan her money using her automobile as security.   In the company of her husband, George Greenwald, she did approach Mr. Jansen who acted in behalf of the Consolidated Discount & Mortgage Company.   Present upon her arrival were not only Mr. Jansen but also Karl Wedekind and a Miss Johnson who was an employee of the "Consolidated".   A loan of $200. was requested.   Karl Wedekind was then sent by someone to appraise the value of the car which was on the street outside the office of the "Consolidated".   He returned and the loan was granted.

Wedekind was thereupon requested by someone in the group present to sign the conditional sale contract (**Plaintiff's Exhibit B**) as the Seller although he admitted that he never in fact sold the automobile in question to the defendant, and he never had possession or a title to it.   He was shown a check in the amount of $200. fromthe Consolidated Discount & Mortgage Company dated September 18, 1933, (**Plaintiff's Exhibit D**), made payable to the Whiting Lane Garage operated by Wedekind, which check presumably was given in payment of the aforementioned **Plaintiff's Exhibit B**.   This check was endorsed by Wedekind.   He admitted, however, that he never received a single penny from the check and that he endorsed it by request.

Mildred Greenwald at the same time executed a release on her automobile to Wedekind and the conditional sale contract and note were executed on the same automobile by Mildred Greenwald and George Greenwald.   Under the terms of the various instruments thus executed, it appeared that Mildred

Greenwald purchased her own automobile for $384. paying therefore $125. in cash and the balance of $259.44 to be paid in twelve equal monthly installments of $21.62 each.

In point of fact, no car was ever purchased by Mildred Greenwald; it never left her possession, either before or after the transaction because at all times it was her own car. She never paid the sum of $125. but on the contrary received the sum of $200. as a loan which was to be repaid as above stated and the excess of $59.44 was designated as a finance charge.

Three installments were paid and the installment due January 18, 1934, was defaulted. An extension of time for this installment was requested for a period of two weeks, but nevertheless the "Consolidated" commenced a search for the car with the intention of repossessing it.

On December 30, 1933, the defendant left the car with the Universal Auto Company for storage. On February 13, 1934, it was there replevied in the present action by the New Bedford Acceptance Corporation which became the holder of the documents in question on or about September 18, 1933. On motion Mildred Greenwald, owner of the car, was made a party defendant on the theory that the defendant Universal Auto Co., Inc., was custodian, as agent of Mildred Greenwald, of the car and that her interest in it was questioned and therefore she was a proper party defendant to the action.

In this action the defendant Greenwald contends:

1. That the transaction was a chattel mortgage;

2. That the transaction was not a conditional sale but a loan designed to avoid the usuary statutes;

3. That the plaintiff by suing on the contract is an assignee and hence has no greater rights or equities than its assignor.

I concur in the line of argument pursued by the defendant Greenwald in her brief. Motor vehicles are not included in the list of those things which may be made the subject of chattel mortgages without possession under **Section 5092 of the General Statutes, Revision of 1930.** "Property of this character is not property within the classes excepted by the statute." **Bickart vs. Sanditz, 105 Conn. 766.**

In **Adler vs. Ammerman Furniture Co., 100 Conn. 223,** where the plaintiff after loaning money to a motor company to secure some trucks accepted from the latter what was claimed to be a condition sale contract and tagged the truck in question but in fact never had possession, the Court said, at **Page 231:**

"The form of conveyance was appropriate for a chattel mortgage. Upon consideration of the entire instrument, we incline to the view that the parties intended it to be a chattel mortgage . . . . The facts do not sustain such a title (plaintiff's contention that he was a conditional vendor). The **intention of the parties** as found from the instrument, **construed in the light of the surrounding circumstances, determines the character of the instrument.** That intention appears to have been to secure the plaintiff in their loan to the sales company by this instrument without having the plaintiffs take possession." **Williams vs. Chadwick, 74 Conn. 252.**

In the case of **Guilford-Chester Water Co. vs. Guilford, 107 Conn. 519, Hinman, J.,** in discussing the factors to be found in a chattel mortgage said at **Page 527:**

"The controlling consideration in determining whether a transaction is a sale or a mortgage is the **Intention of the parties ascertained** in view of all circumstances, **as to the purpose which the transaction is to effectuate** . . . . Among the facts to be considered in ascertaining such intention are whether there has been a change of possession . . . . whether the sale is accompanied by a defeasance, or whether there is a provision for redemption or an agreement for a reconveyance, whether a borrowing or a lending accompanies the execution of the instrument or is contemplated thereby or that time."

It is evident from the cases cited that the controlling factor in determining whether or not an instrument is a chattel mortgage is the intention of the parties ascertained in view of all the circumstances as to the purpose of the transaction. In this case the defendant Greenwald wanted a loan giving her car as sole security. She kept the car; at no time delivered it to the alleged conditional vendor. Title was in the lender and possession in the borrower. It was clearly a colorable security transaction with no delivery.

Now, I agree with the defendants' interpretation of **Section 5095** which provides in part:

"Any person who shall loan money upon a note secured by mortgage upon personal property in which the sum of money loaned is stated to be greater than the amount actually loaned . . . and the mortgage and note secured thereby shall be void."

This statute was interpreted by **Mortin vs. Newbury, 79 Conn. 338,** but it is significant that **Section 5095** was in force

at the time of that case but **Section** 4736 was not. **Section** 4736 provides "No action shall be brought to recover principal or interest or any part thereof on any loan prohibited by **Sections** 4732, 4733 **and** 4734, or upon any cause arising from the negotiation of such loan." And it is further significant that the defense of usury was not used by the defendant in the Morin case as evident from the Supreme Court records because the plaintiff could have recovered his principal plus 6 per cent interest. **Section** 4736 was passed apparently to obviate the effect of the Morin decision, and therefore it is my opinion that the instant case is covered by the statutes last quoted and that if viewed as a loan no action can be brought on it no matted how the cause may have arisen . . . by sale or by mortgage.

Now, as to the claim that the transaction was a conditional sale, **Section** 4697 is significant. It reads in part:

"Except as otherwise provided in this chapter, all contracts for the sale of personal property conditioned **that the title thereto shall remain in the vendor after delivery** . . . . shall be filed, etc."

In **Cappaletti vs. Tierney, 101 Conn. 562,** a case somewhat similar, the Court said:

"The legal requirement that a change of possession must accompany a sale of personal property is not satisfied by a delivery which leaves the property in the same apparent relation to the vendor that it had before the sale; the change must be manifest, continued and open so as to indicate to the world a transfer of title;"

and ruled that the plaintiff was not entitled to possession since he acquired no interest under the bill of sale which was a colorable transaction.

In the case of **Seymour vs. O'Keefe, 44 Conn. 128,** Loomis, J., said:

"For instance the law determines with the same unrelenting spirit what shall be regarded as a continued possession in the vendor, so **that even in actual delivery** and an actual change of possession is **not enough, so long as the property is so placed as that it holds the same apparent relation to the vendor that it had before the sale."** **Norton vs. Doolittle, 32 Conn. 405; Freedman vs. Avery, 89 Conn. 439.**

Delivery of possession is essential to a sale and there was no such delivery as to make it a valid transaction in view of the usury statutes.

In Zazzaro vs. Colonial Acceptance Corporation, 117 Conn. 251, the Court said:

"When property is sold on credit at an advance over the cash price, in good faith, and with no intention to defeat the usury laws, the transaction will not be held to be usurious though the difference between the cash price and the credit price, if considered as interest, would not amount to legal interest."

The instant transaction was not a valid conditional sale because not made in good faith. The Consolidated Discount & Mortgage Company was an actual party to the original transaction of a supposed bill of sale and conditional bill of sale back. The whole transaction was colorable and it is void because not made in good faith but with the purpose of avoiding the usury laws.

Now, as to the third claim of the defendant, it is evident of course that the instrument sued and relied upon is a chose in action, whether it be a chattel mortgage or a conditional sale contract. An assignee of a chose in action gets no greater rights than his assignor and is subject to all the equities and defenses that the assignor would have been subject.

"As we have seen he is simply the assignee of what right, title and interest belonged to Mrs. Bibbins when she made this assignment to him. His legal rights as assignee were the same and not more than those of Mrs. Bibbins. He took his claim subject to all the legal and equitable defenses of the defendants." Mereness vs. DeLemos, 91 Conn. 651; Homer vs. Savings Bank 77 Conn. 487; Bacon & Tomlinson vs. Warner, 1 Root 349.

In the instant case suit was brought on the instrument-chattel mortgage or conditional sale contract—and not on the note. It follows therefore that the plaintiff gets no greater rights than the Consolidated Discount & Mortgage Company or The Whiting Lane Garage, the intermediate assignor. It cannot be denied but that the Consolidated Discount & Mortgage Company, the plaintiff's assignor, had knowledge of the purposes of the transaction since it made out all the papers and was a party to the original transaction. Wedekind was merely an instrument of the "Consolidated" in a fictitious transfer. The "finance charge" of $59.44 is on its face about 30 per cent. I therefore conclude that:

1. If viewed as a chattel mortgage the transaction is void under Sections 5095 and 4736.

2. If viewed as a conditional sale it is clearly colorable,

fictitious transfer not used in good faith and with intent to avoid the usury statutes and hence void under **Section 4736.**

3. That if viewed as either a chattel mortgage or a conditional sale contract the suit was brought on the instrument which is a chose in action and as such the assignee is subject to the same equities and defenses of the assignor.

The car replevied on February 13, 1934, was sold by the plaintiff about two weeks later. For what it was sold does not appear.

The issues are found and judgment on the complaint is directed for the defendants and for the defendant Mildred Greenwald to recover of the plaintiff on her counterclaim $200., the value of the car.