6 N.J. Super. 606 (1950)
70 A.2d 197
RECONSTRUCTION FINANCE CORPORATION, A CORPORATION OF THE UNITED STATES, PLAINTIFF,
v.
BERNARD OATES, ETHEL C. OATES, BERNCLIFF REALTY, INC., A NEW JERSEY CORPORATION, AND LOIS HILL, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided January 4, 1950.
*607 Mr. Charles R.L. Hemmersley, for the plaintiff.
Mr. Frederick A. Onore, for the defendants.
HANEMAN, J.S.C.
Of present moment is the determination of a two-fold motion by the plaintiff for a summary judgment against the defendants on their respective counterclaims, riz., the first count filed in behalf of the Berncliff Realty, Inc., and the second count by Bernard Oates and Ethel C. Oates.
As to the corporate defendant, the plaintiff advances the following grounds:
"1. That said counterclaim is insufficient at law.
"2. That said counterclaim fails to state a claim upon which relief can be granted against plaintiff.
"3. That the allegations of said counterclaim are indefinite, uncertain and speculative."
It should be observed that this defendant demands alternatively (sic) a judgment against the plaintiff in the sum of $3,200 (allegedly representing its investment in the premises in question) if the plaintiff prevails in nullifying the conveyance under attack. It is not made evident upon what theory an affirmative judgment may be entered against the plaintiff which is the assignee (by operation of law) of the Smaller War Plants Corporation (paragraph 19 of the complaint) since, according to the complaint "the plaintiff herein was vested with all the assets of Smaller War Plants Corporation, including the obligations to it of the defendants herein." It may be that the Executive Order abolishing the Smaller War Plants Corporation and vesting its assets in the plaintiff, provides for the assumption by the plaintiff of contingent *608 liabilities, but as to that, we are pointed to no such provision. It is elementary that an "assignee does not thereby, without more, assume the liabilities of the assignor." Falkenstern v. Herman Kussy Co., 25 N.J. Misc. 447, 448; affirmed, 137 N.J. Law 200, 59 A.2d 372.
Moreover, the allegations of the seventh separate defense, if sustained, would, as a matter of equity, justify an award by the court of a judgment of the same tenor as that sought by the counterclaim. See Rule 3:54-4. Thus, no useful purpose is manifest in permitting the first count of the counterclaim to stand. The motion to strike it is accordingly granted, reserving to that defendant the right to establish said separate defense.
The counterclaim of the individual defendants (Oates) is challenged on these grounds:
"1. Counterclaimants, Bernard Oates and Ethel C. Oates, are now barred by estoppel and waiver from setting up the claim set forth in said second count of the counterclaim because it arose out of the same transaction which constituted the subject matter of the suit in which plaintiff, Reconstruction Finance Corporation, recovered judgment against them as alleged in Paragraph 11 of the First Count of plaintiff's complaint herein.
"2. That the said count of the counterclaim fails to state a claim upon which relief can be granted.
"3. That said Second Count of the counterclaim is insufficient at law.
"4. That said Second Count of the counterclaim is untrue in all material allegations thereof."
The gravamen of the cause of action pleaded rests upon an alleged breach by the Smaller War Plants Corporation in disbursing improperly a loan made by it to them (the partnership), in that, of the funds, $20,000 was, contrary to the purpose of the making of said loan, paid to the Mid-City Trust Company, Plainfield, N.J., thus forcing the partnership to discontinue business operations, to their damage. It is significant that there is no allegation of an agreement expressive of that purpose, and further, that the defendants depose (paragraph 7 of their affidavit) that "it was their understanding that the proceeds of said loan was to be used for the purpose *609 of financing and providing funds to the said Oates Machine Works for the purpose of operation and completion of the said order of the United States Government, Picatinny Arsenal." It would hardly be supposed that an "understanding" (as distinguished from a contract) could be judicially recognized as giving rise to a cause of action for its alleged breach. Then, too, according to the affidavit of the assistant manager of the plaintiff (Reconstruction Finance Corporation) at paragraph 3, he swears that "the allegations" of the second count "are * * * false in fact because on or prior to July 25, 1945, the date when the loan of $25,000 was made Oates Machine Works expressly authorized and directed the manner in which the sum of $25,000 was to be disbursed, specifying the amounts and the parties to whom such funds were to be paid." Exhibits "A" and "B" attached to and made a part of said affidavit, which stands uncontroverted, demonstrate palpably the falsity of the claim asserted in the second count. This count should also be stricken.