## Richard C. Shepard et al v. Commercial Credit Corp. et al

[183 A.2d 525]

May Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed July 3, 1962

*William B. Goldsbury* for the plaintiffs.

*George R. McKee* for the defendants.

**Shangraw, J.** This is a bill in chancery seeking a restraining order and money damages. Findings of fact were made by the chancellor and a decree was made in favor of the plaintiffs against the defendant Commercial Credit Corporation. The complaint against the defendant, Morris Rothberg, a deputy sheriff, was dismissed.

Commercial Credit Corporation assigns error to the chancellor's decree wherein it was restrained from enforcing a lien on a house trailer purchased by the plaintiffs of Godfrey Jensen d/b/a/ North-Way Mobile Homes Sales of Glenns Falls, N. Y. on a conditional sale contract assigned by the vendor to this defendant, and ordered to pay the plaintiffs the sum of $3,953.06 damages.

The issue presented on appeal relates to the obligation of Commercial Credit Corporation, as assignee of North-Way Mobile Homes Sales, and the remedies of the plaintiffs with respect to this assignee.

The findings made by the chancellor present the following facts. During October 1957 the plaintiffs purchased from North-Way Mobile Homes Sales a new Luxor house trailer, serial No. 41019. The purchase price was $6,300. A cash down payment of $2,000 was made and a nearly new 1957 Buick convertible automobile was traded in for $3,800 which left an unpaid balance of $500.

A conditional sale contract was signed by the plaintiffs and dated October 19, 1957. The unpaid balance of $500, with insurance and filing fees, reflected the sum of $554.55 as owing under the contract. After its execution by the plaintiffs the date of the contract was changed to read October 31, 1957, and the figures representing insurance premiums were also increased from $53.55 to $107.10, leaving a total time balance of $608.10 to be amortized on a monthly basis, the first payment of $28.88 to become due December 15, 1957.

These alterations were made without the knowledge or consent of the plaintiffs. The contract was assigned by North-Way Mobile Sales to Commercial Credit Corporation. The date of this assignment was October 19, 1957.

The house trailer was delivered to the plaintiffs at St. Albans, Vermont, October 21, 1957. At this time there was received by the plaintiffs a copy of the contract as originally written and signed, and without the alterations, showing a balance owing of $554.55.

On October 21, 1957, when the trailer was delivered, Mr. Shepard was given a paper under the signature of Mr. Jensen as owner of North-Way Mobile Homes Sales which in part stated, "freeze up of pipes or heat problems guaranteed by North-Way." The heating system did not function properly and complaint was repeatedly made to the vendor by the plaintiffs. North-Way attempted to remedy the defect without success. The burner worked but for some reason the air ducts did not furnish heat. Finally, on December 17, 1957 the plaintiffs wrote a three-page letter to The Luxor Company, (manufacturer), North-Way Mobile Homes Sales, Inc., Mobile Home Association, and Commercial Credit Corporation explaining the heating problem and what had been done to obtain remedial action. A copy of the letter was sent to Commercial Credit Corporation "as ample reason for not paying up." The plaintiffs have never paid or offered to pay Commercial Credit Corporation or "North-Way" any part of the balance due on the trailer.

On the reverse side of the conditional sales contract the following provisions appear:

"If this contract should be assigned by Seller, and if Purchaser should not notify the assignee of any claims or defenses which Purchaser may have against Seller within 10 days after assignee has mailed a notice of assignment to the Purchaser, this contract shall then be free from any claims or defenses whatsoever which Purchaser may have against Seller."

Neither the defendant Commercial Credit Corporation nor North-Way notified the plaintiffs, as purchasers, of the assignment of the conditional sales contract which they had signed and given the seller. The plaintiffs received a coupon book with a form letter of its enclosure from Commercial Credit something like one week before the first payment was due on December 15, 1957. The coupon book directed that

payments be made to Commercial Credit Corporation at Glens Falls, N. Y.

The chancellor further found that the house trailer in its defective condition was worth not more than $2,300; that the amount owing on the contract as of September 1, 1961, including principal, interest, insurance and attorney fee, was $812.04; and that Commercial Credit Corporation had notice of and should have seen the alterations and changes made on the contract, all of which were visible and patent.

This bill in chancery was prompted by the action of Commercial Credit Corporation in placing a writ of replevin in the hands of the defendant Morris Rothberg, a deputy sheriff, with directions to take the trailer into possession under the contract. This action was temporarily enjoined.

The decretal order here considered, and to which error has been assigned, directed that Commercial Credit Corporation pay to the plaintiffs the sum of $3,953.06 by way of damage, and permanently restrained it from enforcing its lien on the Luxor house trailer as described in the contract dated October 19, 1957. By reference to the findings of fact and the decree it is apparent that the chancellor determined, that by reason of the diminished value of the trailer due to the failure of the heating system to properly function, the plaintiffs were entitled to receive $4,000 less the sum of $812.04 due on the contract, representing a balance in favor of the plaintiffs the sum of $3,187.96. To this was added interest thereon from November 1, 1957 on $765.10 resulting in $3,953.06 as damages to be recovered by the plaintiffs.

Under the facts the issue presented is to what extent, if any, can the plaintiffs recover against Commercial Credit Corporation, as assignee. 9 V.S.A. §577 in part provides that an alteration which changes "(1) the date; (2) the sum payable, either for principal or interest;" constitutes a material alteration in a negotiable instrument. The alterations, both as to dates and the sum payable, on the contract in question were patent, and it cannot be said that Commercial Credit Corporation was a holder in due course as defined in 9 V.S.A. §422. This leads us to 9 V.S.A. §429 which in part reads: "In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were non-negotiable;" *Appliance Acceptance Co.* v. *Stevens,* 121 Vt. 484, 490, 160 A.2d 888. *Gramatan National Bank* v. *Pierce,* 121 Vt. 406, 414, 159 A.2d 781. The plain-

tiffs have established a valid defense to the action on the note since Commercial Credit Corporation is not a holder in due course.

■ The precise issue is whether the plaintiffs are entitled to an affirmative judgment against Commercial Credit Corporation as set forth in the decree. This question appears to hinge on whether or not there was an assumption by Commercial Credit Corporation of the liabilities imposed by the contract between the vendor and the plaintiffs. It is a general principle that an assignment of a contract does not cast upon the assignee liabilities imposed by the contract of the assignor, in the absence of an assumption of such liabilities. 4 Am. Jur. Assignments, §102. *Twitchell* v. *Robertson Paper Co.,* 94 Vt. 473, 483, 111 Atl. 570. The assignee of a contract is usually not liable to the other contracting party to the contract assigned unless such liability has been expressly or impliedly assumed by the assignee *Pargman* v. *Maguth,* 2 N.J. Super. 33, 64 A.2d 456.

■ In the absence of assumption of liability, it is the well-settled doctrine, and we so hold, that a counterclaim or setoff against an assignee of a conditional sale contract, based on a claim against the assignor, can only be used defensively and not affirmatively. *First Acceptance Corporation* v. *Kennedy,* 95 F. Supp. 861. N. D., Iowa, C. D. 1951. Eager on Chattel Mortgages and Conditional Sales, 1961 Supplement, §395a. Such a claim can only be allowed against the assignee to the extent that it offsets the assignee's claim. 47 Am. Jur. Setoff and Counterclaim, §63. *Pargman* v. *Maguth, supra.* A judgment cannot be rendered against the assignee for any excess. *Standard Insulation & Window Co.* v. *Dorrell* (Mo. App.) 309 S.W.2d 701. See *Armstrong* v. *Noble,* 55 Vt. 428, 432; *Haley* v. *Congdon,* 56 Vt. 65, 67.

The plaintiffs urge that the failure of Commercial Credit Corporation to notify them of the assignment of the contract as required by the provisions appearing on the reverse side thereof, as indicated earlier in this opinion, constituted an assumption on the part of this assignee of the seller's liabilities to the plaintiffs under the contract. These contractual provisions of themselves, without other evidence, do not operate as a matter of law to support assumption by the assignee. No such assumption is evidenced by the record and this claim is without merit.

In that the plaintiffs' claim can only be used defensively against Commercial Credit Corporation, and not affirmatively, the judgment for damages in favor of the plaintiffs cannot stand.

*The decree awarding judgment in favor of the plaintiffs against Commercial Credit Corporation is reversed. The case is remanded for entry of a new decree permanently enjoining Commercial Credit Corporation and Morris Rothberg, Deputy Sheriff, from attempting to enforce against the plaintiffs, by replevin or otherwise, the conditional sale contract referred to in the bill of complaint and held by Commercial Credit Corporation. Plaintiffs to recover their costs.*