LITTON ABS, APPELLEE, *v.* RED-YELLOW
CAB CO., APPELLANT.

(No. L-77-151—Decided March 17, 1978.)

*Mr. Richard S. Baker,* for appellee.
*Mr. Thomas G. Zraik,* for appellant.

POTTER, P. J. In a prior suit brought by plaintiff's assignee against the present defendant (appellant), no defense was raised. In the present case, the defendant counterclaimed against the plaintiff setting forth facts which would have constituted a defense, if raised, in the prior action between the assignee and the defendant. In the present action, plaintiff successfully interposed the defense of *res judicata.* We hold that the defense of *res judicata* is not available in this case and, in so doing, reverse the trial court.

In March of 1971, Litton ABS and Red-Yellow Cab entered into a written agreement for what is termed a "lease" of certain office machinery. Litton ABS then assigned all of its right, title and interest in the lease and transferred the

property covered by the lease to Litton Industries Credit Corporation (hereinafter referred to as LICC), a separate and distinct entity from Litton ABS. At the time of the assignment, the machinery had already been delivered to Red-Yellow Cab. Soon after its delivery, Red-Yellow began to experience difficulties with the machinery and failed to make the payments under the agreement.

LICC, the assignee of the lease agreement, filed civil action No. 72-1554 against Red-Yellow Cab in Lucas County Common Pleas Court for the total amount payable under the lease, $36,929.06. In its answer, Red-Yellow admitted the agreement between it and Litton ABS, admitted the assignment to LICC, and generally denied the rest of the allegations in the complaint. Red-Yellow also filed what it denominated a "counterclaim," which was actually a third-party complaint against a non-party, Litton ABS, praying for recision and restitution and requesting a judgment against Litton ABS for any sums that would be adjudged against it in favor of LICC.

Red-Yellow failed to obtain service on Litton ABS in civil action No. 72-1554 and Red-Yellow's third-party complaint against Litton ABS in that action was dismissed without prejudice. A judgment was rendered for LICC in civil action No. 72-1554 for the full amount of the prayer and that judgment was satisfied.

Between civil action No. 72-1554 and the action giving rise to this appeal, Red-Yellow filed several suits against Litton ABS but, for various reasons, most notably the failure to obtain service, each suit was dismissed voluntarily and without prejudice.

In the action giving rise to this appeal, Litton ABS sued Red-Yellow in the Toledo Municipal Court for $900.48 which sum represented parts and labor expended to repair the equipment subject to the original lease. Red-Yellow's answer was a general denial and a counterclaim praying for damages in the amount of $292,256.11 for breach of warranty and breach of contract. The damages sought by Red-Yellow were in excess of the jurisdictional amount and the case was transferred to the Lucas County Court of Common Pleas. There, Litton ABS filed an answer and reply to the counterclaim and moved to dismiss the counterclaim on the grounds that there had been an adjudication upon the merits of the claim or

claims by virtue of Civil Rule 41 and earlier dismissals in the actions filed by Red-Yellow against Litton ABS. After an oral hearing on the motion, the trial court found Civil Rule 41 inapplicable, but found plaintiff's third defense, set forth in its reply to the counterclaim, to be well taken and dismissed defendant's counterclaim on the ground that the assertion of defendant's counterclaim was barred by the final judgment in civil action No. 72-1554. The court, therefore, dismissed defendant's counterclaim with prejudice and by the consent of the parties rendered a judgment for plaintiff on the complaint. The defendant cab company appeals from the dismissal of its counterclaim and files the following assignment of error:

"The lower courts' [*sic*] finding that the judgment of the Common Pleas Court of Lucas County, Ohio in Cause Number 72-1554 is a bar to the counterclaim of appellant in this action is contrary to law."

We find the assignment of error to be well taken. Initially, it must be noted that the claims of the cab company against Litton ABS were not considered in case No. 72-1554, nor was the company allowed to introduce evidence of an affirmative defense against LICC, since no such defense was pleaded against that party. It is undisputed that there was an assignment of the agreement from Litton ABS to LICC. What is disputed is the effect of the assignment on the claim that the cab company attempts to assert.

Litton ABS contends that the claim of the cab company for a breach of contract and a breach of warranty was a compulsory counterclaim in case No. 72-1554, and because the company failed to assert that claim against LICC in that first action, it cannot now assert the claim in this action against Litton ABS. This reliance on a compulsory counterclaim and Civ. R. 13(A) is misplaced. The general rule is that an assignment does not cast upon the assignee any affirmative liability on the contract assigned unless there is an assumption of the assignor's obligations under the contract. See *American Natl. Co.* v. *Thompson Spot Welder Co.* (1928), 30 Ohio App. 156; 5 Ohio Jurisprudence 2d 189, Assignments, Section 31. Thus, the assignee usually cannot be held liable for fraud, misrepresentation or breach of warranty. 6A Corpus Juris Secundum 749, Assignments, Sections 94-95. In an action between the

obligor and the assignee the claims of breach of warranty or breach of contract are available only defensively; if the obligor seeks damages or restitution he must go directly against the assignor. See, generally, Gilmore, *The Assignee of Contract Rights and his Precarious Security,* 74 Yale L. J. 217, 230 (1964-65). In the instant case, the contract was no longer executory on the part of the assignor when the contract was assigned, and there is nothing in the language of this particular assignment which would operate to abrogate the general rule that an assignee is not liable on the contract assigned. Therefore, while the cab company may have had a defense against LICC in the first action, it did not have the right to assert a counterclaim, the later assertion of which would be barred by Civ. R. 13(A).

It is well settled that *res judicata* is applicable to defenses which could have been considered in a prior suit. See 32 Ohio Jurisprudence 2d 453, Judgments, Section 235, and cases cited therein. The doctrine also precludes recovery on a cause of action which could have been litigated as a defense in a prior suit. See *Kunneke* v. *Mapel* (1899), 60 Ohio St. 1. *Res judicata,* however, precludes relitigation of a matter in a second suit only as between the parties to the first suit or their privies. Litton ABS was never served as a third-party defendant in case No. 72-1554. Thus, Litton ABS could only lay claim to the benefits of *res judicata* if it were in privity with LICC. Privity as between an assignee and an assignor arises due to a succession of interest to the same thing. See 32 Ohio Jurisprudance 2d 476, Judgments, Section 248. But, while LICC succeeded to the interest of Litton ABS in the agreement, the succession, and thus the privity, did not also flow backwards. As noted in 1B Moore's Federal Practice 1666, paragraph 0. 411 [12] (1965):

"Privity arising solely from successive relationship to the same right normally operates in one direction only: the successor is privy in estate to the predecessor, but the reverse is not true unless there has been a retransfer from the successor to the predecessor."

Therefore, since the assignor, Litton ABS, is not in privity with the assignee, LICC, and since Litton ABS did not participate in the first action, Litton ABS cannot now claim the bene-

fit of *res judicata* as a bar to the claim of the cab company against it.

Thus, the trial judge erred in dismissing the counterclaim of Red-Yellow Cab Company.

*Judgment reversed.*

BROWN and CONNORS, JJ., concur.