[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 16, 1997
The plaintiff's motion to strike raises the issue of whether claims of breach of contract and fraudulent inducement allegedly committed by an assignor of a contract may be asserted affirmatively against the assignee. In the absence of an allegation that the assignee agreed to assume such liability, the court holds that they may not.
This two-count complaint originally was brought by the Federal Deposit Insurance Corporation (FDIC) seeking to foreclose on property owned by the defendant, Norman L. Pollack, for his failure to honor two notes executed by him. The FDIC had acquired the notes from Mechanics and Farmers Bank (MF). Subsequently, the FDIC filed a motion to substitute ICC Performance 2 Limited Partnership (the plaintiff) as the party plaintiff in the action. The motion was granted by the court.
In his amended answer and counterclaim, the defendant asserts two counts against the plaintiff. The first count alleges breach of contract based upon the FDIC's breach of a lease. The defendant alleges that he agreed to purchase the property, which is the subject of this foreclosure action, from 114 State Street CT Page 3668 Corporation (114 State), a wholly owned subsidiary of MF for two million dollars. It was a condition of the agreement of sale that 114 State would enter into two leases with MF for the subject premises, one for a bank branch and another for an operations center.
On May 17, 1988, MF agreed to lend the defendant $1.5 million to finance his acquisition of the premises. On July 28, 1988, MF entered into a 20-year lease for the bank branch, and a one-year lease for an operations center on the premises. Both leases were assigned by 114 State to the defendant at the closing. The defendant paid MF $500,000 in cash to acquire the subject premises and executed a promissory note to MF, in the amount of $1,500,000 (Note 1). The note was secured by a mortgage on the subject property (First Mortgage). 114 State gave the defendant a Warranty Deed, which provided that title to the premises was conveyed subject to a Notice of Lease.
Three years later, on August 9, 1991, the FDIC was appointed as receiver for MF. Pursuant to 12 U.S.C. § 1821 (e)(1), the FDIC disaffirmed MF's 20-year lease for the subject premises.
The second count of the counterclaim alleges that MF fraudulently induced the defendant into executing the notes by assuring him that it would be able to satisfy the twenty-year lease. More specifically, the second count alleges that on June 29, 1989, the defendant signed a promissory note in the principal amount of $100,000, payable to MF (Note 2). The note was secured by a second mortgage on the subject property. It is further claimed that at the time the defendant signed Notes 1 and 2, MF was in unsatisfactory financial condition and had no reasonable expectation that MF would be able to fulfill its obligations under the 20-year lease. MF and 114 State fraudulently concealed MF's financial situation in order to induce the defendant into buying the subject property.
The plaintiff moves to strike the defendant's counterclaims, which are based on the alleged conduct of the FDIC and MF, on the ground that it is only an assignee of a contract and, as such, is neither liable in tort nor contract for the actions of the assignor. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the CT Page 3669 facts in the complaint most favorably to the plaintiff.' (Citations omitted; internal quotation marks omitted.) NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). If facts provable in the complaint would support a cause of action, the motion to strike must be denied.Westport Bank Trust Co. v. Corcoran, Mallin Aresco,221 Conn. 490, 496, 605 A.2d 862 (1992)." Waters v. Autuori, 236 Conn. 820,825-26, 676 A.2d 357 (1996).
"In determining whether a motion to strike should be granted, the sole question is whether, if the facts alleged are taken to be true, the allegations provide a cause of action or a defense.King v. Board of Education, 195 Conn. 90, 93, 486 A.2d 1111
(1985); Greene v. Metals Selling Corporation, 3 Conn. App. 40, 42,484 A.2d 478 (1984)." County Federal Savings Loan Assn. v.Eastern Assoc., 3 Conn. App. 582, 585-86, 491 A.2d 401 (1985).
The first count of the counterclaim alleges a breach of contract based upon the FDIC's alleged breaching of a lease. The second count alleges that MF fraudulently induced the defendant into executing the notes by assuring him that it would be able satisfy the twenty-year lease. As to the first count of the counterclaim, the plaintiff argues that it cannot be found liable for FDIC's alleged breach of contract merely by virtue of having purchased Note 1 and First Mortgage from the FDIC because the acts of the assignor cannot be imputed to the assignee. With respect to the second count of the counterclaim, the plaintiff argues that an assignee cannot be held liable for any torts allegedly committed by the assignor against the defendant.
"Ordinarily an assignee of a contract takes it subject to all defenses which might have been asserted against the assignor. General Statutes (Rev. to 1962) 42a-9-318 (1)(a); Bridgeport-CityTrust Co. v. Niles-Bement-Pond Co., 128 Conn. 4, 10, 20 A.2d 91;Mereness v. DeLemos, 91 Conn. 651, 655, 101 A. 8; 4 Corbin, Contracts 892." Fairfield Credit Corporation v. Donnelly,158 Conn. 543, 548, 264 A.2d 547 (1969). However, "[i]n the absence of an express contract provision, an assignee is not required to assume the original responsibilities of the assignor." 6A C.J.S. Assignments, § 92; see Rittenberg v. Donohoe Construction Co.,Inc., 426 A.2d 338, 341 (D.C.App. 1981); Lifton Abs v. Red YellowCab Co., 64 Ohio App.2d 111, 411 N.E.2d 808, 810 (1978); Shepardv. Commercial Credit Corp., 123 Vt. 106, 183 A.2d 525, 527
(1962); Tel-Hotel Corp. v. Lexnott Corp., 205 Misc. 576, CT Page 3670124 N.Y.S.2d 159, 161 (1953); Reconstruction Finance Corp. v. Oates,
6 N.J. Super. (Ch.Div.) 606, 70 A.2d 197, 198 (1950). This is true both for claims of breach of contract; Rittenberg v. DonohoeConstruction Co., supra: Shepard v. Commercial Credit Corp.,supra; Tel-Hotel Corp. v. Lexnott Corp., supra; and for claims that the assignor committed fraud or misrepresentation. LiftonAbs v. Red Yellow Cab Co., supra. Such claims may only be asserted against an assignee defensively, if at all. Id.; Shepardv. Commercial Credit Corp., supra. The defendant has not alleged any ex press contract provision which would remove this case from this general rule. See Reconstruction Finance Corp. v. Oates,supra. For this reason, the motion to strike is granted.
LEVIN, J.